# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| JOESEPH SHINE-JOHNSON, et al., | : | Case No. 2:22-cv-3236 |
| Plaintiffs, | : | |
| vs. | : | Judge James L. Graham |
| | : | Magistrate Judge Stephanie K. Bowman |
| ANNETTE CHAMBERS-SMITH, et al., | : | |
| Defendants. | : | |

# ORDER and
# REPORT AND RECOMMENDATION

Joeseph Shine-Johnson and Richard Stanton Whitman have filed an action under 42 U.S.C. § 1983 concerning the Ohio Department of Rehabilitation and Correction's handling of "legal mail" at Belmont Correctional Institution, where they are in custody. The case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and General Order 22-05 regarding assignments and references to United States Magistrate Judges.

Plaintiffs have filed Applications to proceed *in forma pauperis* and without the prepayment of filing fees under 28 U.S.C. § 1915. (Doc. 1, 2). For the reasons that follow, the Undersigned **GRANTS** Shine-Johnson's Application (Doc. 1) and **RECOMMENDS** that the Court **DENY** Whitman's Application (Doc. 2).

"When a prisoner files a complaint in the district court, the inmate must either pay the entire filing fee, or request leave to proceed in forma pauperis 'without prepayment of fees or security therefor' under 28 U.S.C.A. § 1915(a)(1)." *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131 (6th Cir. 1997). This statute "allows prisoners to bring suit without pre-paying court fees, thus ensuring they have some 'meaningful access to the federal courts.'" *Pointer v.*

*Wilkinson*, 502 F.3d 369, 372 (6th Cir. 2007) (quoting *Wilson v. Yaklich,* 148 F.3d 596, 600 (6th Cir. 1998)). Here, both Plaintiffs have submitted Applications supported by their own affidavits, as well as certified inmate trust account statements from the institution at which they are confined. (Doc. 1, 2). 28 U.S.C. § 1915(a)(2).

### Plaintiff Shine-Johnson

Shine-Johnson's Application to proceed *in forma pauperis* (Doc. 1) reflects that that he does not currently have sufficient funds to prepay his portion of the filing fee. Accordingly, his Application is **GRANTED**. It is **ORDERED** that he be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

Shine-Johnson is required to pay one-half of the Court's $350 filing fee, or $175. 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1914; *In re Prison Litig. Reform Act*, 105 F.3d at 1137-38 ("each prisoner should be proportionally liable for any fees and costs that may be assessed"). Because he is permitted to proceed *in forma pauperis*, however, he is not required to pay any part of the Court's administrative fee of $52. *See* Judicial Conference Schedule of Fees, No. 14 (issued in accordance with 28 U.S.C. § 1914), available at https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (accessed Sep. 13, 2022).

The custodian of Plaintiff's inmate trust account at the institution of his residence is therefore **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). If Plaintiff does not currently possess the funds to pay the initial filing fee, the amount assessed

shall be collected from Plaintiff's account when such funds become available. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bring a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

Once the initial partial filing fee is paid, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account if, during that month, the balance of that account exceeds $10.00, until the assessed fee of $175 has been paid. 28 U.S.C. § 1915(b)(2); *see McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). If Plaintiff is transferred to another institution, the current custodian should forward this Order to that institution so that the new custodian of Plaintiff's account can collect and remit the monthly partial payment.

Checks are to be made payable to "Clerk, U.S. District Court" and sent to:

Prisoner Accounts Receivable
Joseph P. Kinneary United States Courthouse
85 Marconi Boulevard, Room 121
Columbus, Ohio 43215

***The prisoner's name and this case number must be included on each remittance.***

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Shine-Johnson and to the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

### Plaintiff Whitman

The information in Whitman's Application to proceed *in forma pauperis* (Doc. 2) does not demonstrate his inability to pay $175 (one-half of the Court's $350 filing fee), plus $26 (one-half of the $52 administrative fee). Whitman's Application and supporting materials reflect that as of August 18, 2022, he had $282.34 on account to his credit at the prison where he is incarcerated. (Doc. 2, PageID 133). He reports having $634.26 in a secondary savings account, although it is not clear whether this includes or is in addition to the funds reported by the

3

institutional cashier (the $282.34). (*Id*., PageID 128). Whitman receives income from the prison in the amount of $20.00 per month. (*Id*., PageID 127). These materials show that Whitman has sufficient funds to pay his part of the filing fee to commence this action.

Accordingly, the Undersigned **RECOMMENDS** that this Court **DENY** Plaintiff Whitman's Application to proceed *in forma pauperis* (Doc. 2) and **ORDER** him to pay $201 (one-half of the Court's $350 filing fee, plus one-half of the $52 administrative fee) within thirty days. The Undersigned also **RECOMMENDS** that the Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.

## Notice Regarding Objections to this Report and Recommendation

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a

4

waiver of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    **IT IS SO ORDERED.**


September 20, 2022　　　　　　　　　　　　　　　*s/Stephanie K. Bowman*
　　　　　　　　　　　　　　　　　　　　　　　STEPHANIE K. BOWMAN
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE