IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Joseph Shine-Johnson, et al.,**　　　　　　　　Case No: 2:22-cv-3236

　　　　　Plaintiffs,　　　　　　　　　　　　　　Judge Graham
　v.
　　　　　　　　　　　　　　　　　　　　　　　Magistrate Judge Bowman
**Annette Chambers-Smith, et al.,**

　　　　　Defendants.

## OPINION AND ORDER

　　　　Plaintiff Richard Stanton Whitman is a prisoner at Belmont Correctional Institution who, with Co-Plaintiff Joseph Shine-Johnson, initiated a court action against Annette Chambers Smith, et al. On September 20, 2022, the Magistrate Judge issued a Report and Recommendation (ECF No. 4) which recommends that this Court deny Plaintiff's application to proceed *in forma pauperis*. (ECF No. 2.) Plaintiff submitted timely objections to the Magistrate Judge's Report and Recommendation regarding his application. (ECF No. 5.) On March 14, 2023, this Court ordered Plaintiff to supplement his application with additional information. (ECF No. 6.) His objection to the Report and Recommendation is now ready for the Court's consideration.

I.

　　　　A person applying for *in forma pauperis* status must show that they cannot pay the required fees to initiate a court action. 28 U.S.C. § 1915(a) (Court may authorize an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."). To evaluate a person's application, courts will consider available and accessible funds, including "an applicant's employment, annual income and expenses, and any other property or assets the individual possesses." *Kister v. Athens Cty. Sheriffs*, No. 2:22-cv-49, 2022 U.S. Dist. LEXIS 147824, at *5 (S.D. Ohio Aug. 17, 2022). A prisoner's application must include a trust fund account statement for the six-month period immediately preceding the filing of the complaint and a certification of that statement from the prison cashier. 28 U.S.C. § 1915(a).

　　　　The Magistrate Judge recommended the Court deny Plaintiff's motion based on his application and supporting materials, which reflect he had $282.34 on account where he is

incarcerated. (ECF No. 2 at PAGEID 133.) While the trust fund account statement reflects a balance of $7.34 in his bank account as of August 18, 2022, the documentation Plaintiff submitted reflects that he also had $275.00 in United States Treasury Series EE Bonds ("Bonds"). (*Id.*) Additionally, the certificate accompanying the statement exhibits that he had a "total of $282.34 on account to his credit" at the institution. (ECF No. 2 at PAGEID 133.) In his objection, Plaintiff disputes the fact that he has that amount available and accessible to him. (ECF No. 5.)

II.

When there are objections to the Magistrate Judge's Report and Recommendation on a dispositive matter, the District Judge conducts a *de novo* review of the portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). The District Judge may accept, reject, or modify the recommended disposition or recommit the matter to the Magistrate Judge with instructions. *Id*. In the Sixth Circuit, denial of a motion to proceed *in forma pauperis* is a dispositive matter because it is considered the "functional equivalent of an involuntary dismissal." *Woods v. Dahlberg*, 894 F.2d 187, 187 (6th Cir. 1990).

Plaintiff objects to the finding that he had the funds to pay his portion of the fees required to initiate the court action, asserting the Court's finding that Plaintiff had $282.34 in his prison inmate account "is either wrong or the result of a clerical error." (ECF No. 5 at PAGEID 145.) As this statement conflicts with the certificate he submitted with his application (ECF No. 2 at PAGEID 133), this Court subsequently requested Plaintiff tosupplement his application. Presuming the "balance considered by the magistrate judge is the sum of his savings balance and his Bonds," the Court was "interested in learning more about the Bonds and whether Plaintiff can use the Bonds to satisfy his obligation to pay his half of the filing and administrative fees." (ECF No. 6 at PAGEID 152.)

Plaintiff responded with several items to supplement his original application. (ECF Nos. 7, 9.)[1] In his response, Plaintiff emphasizes that the $275.00 in Bonds cannot be accessed while he is in prison because he must be physically present at the bank to cash the Bonds and he cannot go to the bank while he is incarcerated. (ECF No. 9.) A representative from the institution supports this assertion in a letter to the Court. (ECF No. 7.) Therefore, Plaintiff cannot put the current value

---

[1] Alongside his supplemental materials, Plaintiff submitted his prisoner trust fund account statement for the period of September 20, 2022 through March 21, 2023. (ECF No. 8.) However, 28 U.S.C. § 1915(a) dictates that the balance considered for purposes of a motion for *in forma pauperis* is the 6-month period preceding the filing of the Complaint. As such, the relevant trust fund account statement is that which was submitted with his original application.

of the Bonds towards filing fees. With this clarification, the Court concludes Plaintiff has adequately shown that these Bonds should not be considered a part of his available and accessible funds.

III.

Accordingly, the Court finds that without consideration of the Bonds, Plaintiff's application reflects that he does not have sufficient funds to pay his portion of the filing fee. Plaintiff's objection is **SUSTAINED** and Plaintiff Whitman's motion to proceed *in forma pauperis* is **GRANTED**. It is **ORDERED** that he be allowed to prosecute this action without prepayment of fees or costs and that the judicial officers who render services in this action shall do so as if the costs had been prepaid.

As Whitman is a co-plaintiff to Joseph Shine-Johnson, he is required to pay one-half of the Court's $350.00 filing fee, or $175.00. 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1914; *In re Prison Litig. Reform Act*, 105 F.3d at 1137-38 ("each prisoner should be proportionally liable for any fees and costs that may be assessed"). However, because he is permitted to proceed *in forma pauperis*, he is not required to pay any part of the Court's administrative fee of $52.00. *See* Judicial Conference Schedule of Fees, No. 14 (issued in accordance with 28 U.S.C. § 1914), available at https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (accessed May 16, 2023).

The custodian of Plaintiff's inmate trust account at the institution of his residence is therefore **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). If Plaintiff does not currently possess the funds to pay the initial filing fee, the amount assessed shall be collected from Plaintiff's account when such funds become available. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bring a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

Once the initial partial filing fee is paid, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account if, during that month, the balance of that account exceeds $10.00, until the assessed fee of $175.00 has been paid. 28 U.S.C. § 1915(b)(2); *see McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). If Plaintiff is transferred to another

institution, the current custodian should forward this Order to that institution so that the new custodian of Plaintiff's account can collect and remit the monthly partial payment.

Checks are to be made payable to "Clerk, U.S. District Court" and sent to:

Prisoner Accounts Receivable
Joseph P. Kinneary United States Courthouse
85 Marconi Boulevard, Room 121
Columbus, Ohio 43215

***The prisoner's name and this case number must be included on each remittance.***

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Whitman and to the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

**IT IS SO ORDERED.**

*s/ James L. Graham*
JAMES L. GRAHAM
DATE: May 19, 2023                                   United States District Judge