**RECEIVED**

AUG 2 5 2022

RICHARD W. NAGEL, CLERK OF COURT
COLUMBUS, OHIO

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

Shine-Johnson, Joeseph    et. Al
(ENTER ABOVE THE NAME OF THE PLAINTIFF IN THIS ACTION)

IF THE PLAINTIFF IS A PRISONER:    PRISONER # 734401

vs.

Annette, Chambers-Smith    et. Al
(ENTER ABOVE THE NAME OF THE DEFENDANT IN THIS ACTION)

IF THERE ARE ADDITIONAL DEFENDANTS PLEASE LIST THEM:

David Gray, Patrick Haley, Marc Bratten, Ernie moore,

Eddy Bobby, Jondrea K Parrish, Jocelyn K Lowe

Derex wundland, Gerry Harris, Kriss Dietrich,

Shane Sable, John Doe, Jane Doe

2:22 CV 3236

JUDGE GRAHAM

MAGISTRATE JUDGE BOWMAN

**COMPLAINT**

I.    PARTIES TO THE ACTION:

PLAINTIFF:    PLACE YOUR NAME AND ADDRESS ON THE LINES BELOW. THE ADDRESS YOU GIVE MUST BE THE ADDRESS THAT THE COURT MAY CONTACT YOU AND MAIL DOCUMENTS TO YOU. A TELEPHONE NUMBER IS REQUIRED.

Joeseph Shine-Johnson
NAME - FULL NAME PLEASE - PRINT

P.O. Box 540 St. Clairsville, OH,
ADDRESS: STREET, CITY, STATE AND ZIP CODE

43950

N/A
TELEPHONE NUMBER

IF THERE ARE ADDITIONAL PLAINTIFFS IN THIS SUIT, A SEPARATE PIECE OF PAPER SHOULD BE ATTACHED IMMEDIATELY BEHIND THIS PAGE WITH THEIR FULL NAMES, ADDRESSES AND TELEPHONE NUMBERS. IF NO ADDITIONAL PLAINTIFFS EXIST CONTINUE WITH THIS FORM.

PAGE 2 AND 3 OF THIS FORM DEAL ONLY WITH A PLAINTIFF THAT IS INCARCERATED AT THE TIME OF FILING THIS COMPLAINT.

Additional Plaintiff

1. Richard Stanton Whitmen # 694724
        P.O. Box 540
    St. Clairsville, OH, 43950

IF YOU ARE A PRISONER FILING A CIVIL SUIT THE FOLLOWING INFORMATION IS REQUIRED:

PREVIOUS LAWSUITS:

A. HAVE YOU BEGUN OTHER LAWSUITS IN STATE OR FEDERAL COURT DEALING WITH THE SAME FACTS INVOLVED IN THIS ACTION OR OTHERWISE RELATING TO YOUR IMPRISONMENT? YES ( ) NO (✓)

B. IF YOUR ANSWER TO A IS YES, DESCRIBE THE LAWSUIT IN THE SPACE BELOW. (IF THERE IS MORE THAN ONE LAWSUIT, DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THE SAME OUTLINE.)

1. PARTIES TO THIS PREVIOUS LAWSUIT

PLAINTIFFS:
N / A

DEFENDANTS:
N / A

2. COURT (IF FEDERAL COURT, NAME THE DISTRICT: IF STATE COURT, NAME THE COUNTY)
N / A

3. DOCKET NUMBER
N / A

4. NAME OF THE JUDGE TO WHOM THE CASE WAS ASSIGNED
N / A

5. DISPOSITION (FOR EXAMPLE, WAS THE CASE DISMISSED? WAS IT APPEALED? IS IT STILL PENDING?)
N / A

6. APPROXIMATE DATE OF THE FILING OF THE LAWSUIT
N / A

7. APPROXIMATE DATE OF THE DISPOSITION
N / A

PLACE OF PRESENT CONFINEMENT

_____

A.   IS THERE A PRISONER GRIEVANCE PROCEDURE IN THIS INSTITUTION?
     YES (✓) NO ( )

B.   DID YOU PRESENT THE FACTS RELATING TO YOUR COMPLAINT IN THIS STATE
     PRISONER GRIEVANCE PROCEDURE? YES (✓) NO ( )

C.   IF YOUR ANSWER IS YES:

     1.   WHAT STEPS DID YOU TAKE?

          5120-9-31 Grievance procedure

     2.   WHAT WAS THE RESULT?

          Denied

D.   IF YOUR ANSWER IS NO, EXPLAIN WHY NOT.

          N/A

E.   IF THERE IS NO PRISON GRIEVANCE PROCEDURE IN THIS INSTITUTION, DID
     YOU COMPLAIN TO PRISON AUTHORITIES? YES ( ) NO ( )

F.   IF YOUR ANSWER IS YES:

     1.   WHAT STEPS DID YOU TAKE?   N/A

     2.   WHAT WAS THE RESULT?   N/A

DEFENDANTS:

PLACE THE NAME AND ADDRESS OF EACH DEFENDANT YOU LISTED IN THE CAPTION ON THE FIRST PAGE OF THIS COMPLAINT. THIS FORM IS INVALID UNLESS EACH DEFENDANT APPEARS WITH FULL ADDRESS FOR PROPER SERVICE.

1. Annette Chambers-Smith,-
NAMES - FULL NAME PLEASE

4545 fisher Rd, Columbus, OH, 43228
ADDRESS - STREET, CITY, STATE AND ZIP CODE

2. Marc Bratton-
4545 fisher Rd, Columbus, OH, 43228

3. Eddy Bobby -
4545 Fisher Rd, Columbus, OH. 43228

4. Ernie Moore -
4545, Fisher Rd, Columbus, OH, 43228

5. Jondrea K. Parrish-
4545 fisher Rd, Columbus, OH, 43228

6. Jocelyn K. Lowe -
4545 fisher Rd, Columbus, OH, 43228

IF THERE ARE ADDITIONAL DEFENDANTS, PLEASE CONTINUE LISTING THEM.

7. David Gray - P.O Box 540, St. Clairsville, OH, 43950

8. Patrick Haley - P.O. Box 540, St. Clairsville, OH, 43950

9. Derek Windland - P.O. Box 540, St. Clairsville, OH, 43950

10. Gerry Harris - P.O. Box 540 St. Clairsville, OH, 43950

11. Kriss Dietrich - P.O. Box 540, St. Clairsville, OH, 43950

12. Shane Sable - P.O. Box 540 St. Clairsville, OH, 43950

13. John, Doe - P.O. Box 540 St. Clairsville, OH, 43950

14. June Doe - P.O. Box 540 St. Clairsville, OH, 43950

## STATEMENT OF CLAIM

### I.     JURISDICTION & VENUE (A)

1. This is a Civil Action Authorized by 42 U.S.C. § 1983, To redress the deprivations, under Color of State Law, of Rights Secured by the Constitution of the United States. This Court has jurisdiction Under 28 U.S.C. § 1331 And § 1343 (a)(3) Plaintiff(s) Seeks Declaratory Relief Pursuant to 28 U.S.C. § 2201 and § 2202. Plaintiff's Claims for Injunctive Relief Are Authorized by 28 U.S.C. § 2283 & §2284 and Rule 65 of the Rules of Civil Procedure.

2. The United States District Court, For the Southern District of Ohio Eastern Division, Is the Appropriate Venue Under U.S.C. 28 § 1391 (b)(2) because it is where the events giving rise to this claim occurred.

### II.     PLAINTIFF(S) (B)

3. Joeseph Shine-Johnson, Inmate Number A-734-401, Richard Stanton Whitman A-694-724, Is, Are and Were at all Times Mentioned herein, prisoners of the State of Ohio in the Custody of the Ohio Department of Rehabilitation and Corrections. He is currently confined in Belmont Correctional Institution, in St. Clairsville, Ohio, 43950.

### III.     DEFENDANT(S) (C)

4. Annette Chambers-Smith, Director of the Ohio Department of Rehabilitation and Correction, her successors in office, agent, and employees and all others persons acting in concern and participation with them. This/ These defendant(s) is/are responsible for creating the policy, failed to properly enforce the rules in Ohio Administrative Code

1

75-MAL-01, 75-MAL-03, allowing the Prisons to re-classify legal mail from the Courts and other Legal Mail senders, as regular mail, open legal mail outside the presence of the inmate, copy and/or alter, read legal mail and copy the plaintiffs regular mail/ general correspondence, Religious Materials that violates the defendants first amendment right. Annette Chambers-Smith is aware of the rule and that the prisons actions violate the policy and has the authority to act and has failed to act and/or chosen not to with deliberate indifference to the plaintiff's rights.

5. David Gray, Warden of Belmont Correctional Institution, his successors in office, agent, and employees and all other persons acting in concern and participation with them. This/these defendant(s) is/are responsible for enforcing and allowing his staff to violate the 75-MAL-01 and 75-MAL-03 mailing policy. David Grey is aware that the legal mail from the court is being misconstrued as regular mail, opened outside the presence of the inmates, and the mail is being copied, altered and without proof of delivery by inmate signature, also copy the plaintiffs regular mail/ general correspondence, and Religious Materials. He is aware of the rule and the prisons actions violate the policy and has the authority to act and has failed to act and/or purposely chosen not to with deliberate indifference to the plaintiff's rights.

6. Institutional Inspector Patrick Haley; is the Institutional Inspector for Belmont Correctional Institution, Responsible for overseeing grievances' Filed against rule infractions, and Inmate Complaint's failing to act and or give remedy when the plaintiff clearly establish the rule does not require the Court to provide a control number only the attorneys and also copying the plaintiffs regular mail/general correspondence. Mr. Haley is fully aware of the rule and the prisons actions violate the policy and has failed

2

to act, has the authority to act and has chosen not to with deliberate indifference to the plaintiff rights.

7. Marc Bratton Is the assistant Chief Inspector for ODRC and responsible for handling all 5120-9-31 grievance appeals. Marc Bratton is fully aware of the new mailing policy and has chosen not act.

8. Ernie Moore, Deputy Director of the ODRC is responsible for enforcing the polices handed down upon the prisons institutions in Ohio. He has purposely enforced and/or failed to correct the unconstitutional application of this new Mailing policy.

9. Eddy Bobby, Regional Director of the ODRC is responsible for enforcing the polices at Belmont Correctional Institution. He has purposely enforced and/or failed to correct the unconstitutional application of this new Mailing policy.

10. Jondrea K. Parrish, Is the ODRC Central Policy review chairperson and responsible for review the ODRC policies. She has failed to correct the unconstitutional new Mailing policy.

11. Jocelyn K. Lowe head of the ODRC legal team. Responsible for making sure that ODRC policies are in compliance with state and federal law. She is fully aware the new mailing policy violates federal law and has failed to make sure that the mailing policy complies with the U.S. Constitution.

12. Derek Winland Belmont Correctional institution mailroom staff who is responsible for processing all prisoner mail and has been being re-classifying the plaintiffs Incoming Legal mail as regular mail, delaying, opening incoming legal mail outside of their presence, reading, and copying, altering, losing or destroying, and or denying the incoming legal mail at the direction of , Annette Chamber-Smith, Eddy Bobby, Ernie

Moore, Jocelyn K. Lowe, Jondrea K. Parrish, Marc Bratton, Warden David Gray of Belmont Correctional Institution and  Patrick Haley.

13. Gerry Harris, Belmont Correctional institution mailroom staff who is responsible for processing all prisoner mail and has been being re-classifying the plaintiffs Incoming Legal mail as regular mail, delaying, opening incoming legal mail outside of their presence, reading, and copying, altering, losing or destroying, and or denying the incoming legal mail at the direction of , Annette Chamber-Smith, Eddy Bobby, Ernie Moore, Jocelyn K. Lowe, Jondrea K. Parrish, Marc Bratton, Warden David Gray of Belmont Correctional Institution and  Patrick Haley.

14. Kriss Dietrich. Belmont Correctional institution mailroom staff who is responsible for processing all prisoner mail and has been being re-classifying the plaintiffs Incoming Legal mail as regular mail, delaying, opening incoming legal mail outside of their presence, reading, and copying, altering, losing or destroying, and or denying the incoming legal mail at the direction of , Annette Chamber-Smith, Eddy Bobby, Ernie Moore, Jocelyn K. Lowe, Jondrea K. Parrish, Marc Bratton, Warden David Gray of Belmont Correctional Institution and  Patrick Haley.

15. Shane Sable, Belmont Correctional institution mailroom staff who is responsible for processing all prisoner mail and has been being re-classifying the plaintiffs Incoming Legal mail as regular mail, delaying, opening incoming legal mail outside of their presence, reading, and copying, altering, losing or destroying, and or denying the incoming legal mail at the direction of , Annette Chamber-Smith, Eddy Bobby, Ernie Moore, Jocelyn K. Lowe, Jondrea K. Parrish, Marc Bratton, Warden David Gray of Belmont Correctional Institution and  Patrick Haley.

16. John Doe, institution mailroom staff who is responsible for processing all prisoner mail and has been being re-classifying the plaintiffs Incoming Legal mail as regular mail, delaying, opening incoming legal mail outside of their presence, reading, and copying, altering, losing or destroying, and or denying the incoming legal mail at the direction of , Annette Chamber-Smith, Eddy Bobby, Ernie Moore, Jocelyn K. Lowe, Jondrea K. Parrish, Marc Bratton, Warden David Gray of Belmont Correctional Institution and Patrick Haley.

17. Jane Doe, institution mailroom staff who is responsible for processing all prisoner mail and has been being re-classifying the plaintiffs Incoming Legal mail as regular mail, delaying, opening incoming legal mail outside of their presence, reading, and copying, altering, losing or destroying, and or denying the incoming legal mail at the direction of , Annette Chamber-Smith, Eddy Bobby, Ernie Moore, Jocelyn K. Lowe, Jondrea K. Parrish, Marc Bratton, Warden David Gray of Belmont Correctional Institution and Patrick Haley.

18. There is the possibility of more defendants that are discoverable of the mailroom staff. It is unclear exactly which staff member(s) are involved with the direct copying of the mail because the employees rotate on any given day. The Belmont Officials have prevented me from discovering who processed the mail on each specific day. But it is clear the BCI staff are doing so at the direction of the David Grey and/or Annette Chambers-Smith and her successors in office, agent, and employees and all others persons acting in concern and participation with them.

19. Each of these Defendants is Sued and in their Own **Individual and Official Capacity**. At ALL Times Mentioned in this Complaint, EACH Defendant is personally

responsible and or has acted/failed to act Under the Color of State Law with deliberate indifference to the rights of the plaintiff.

## IV. FACTS

20. The Belmont Correctional Institution regularly opened legal mail in front of the Plaintiffs from 2017 until October 2021, in compliance with federal law and all administrative rules.

21. Defendant Annette Chambers-Smith, Eddy Bobby, Ernie Moore, Jocelyn K. Lowe, Jondrea K. Parrish made changes to the policy 75-MAL-01, and 75-MAL-03, allowing the Prisons to re-classify legal mail as regular mail, open legal mail outside the presence of the inmate, copy and alter, read legal mail that violates the defendants First, Fourth and Fourteenth Amendment rights. This defendant has done nothing after she has been made aware and given fair notice of the plaintiff's informal complaints, grievances and appeals. (**See Exhibit, D**)

22. On August 16th 2021, Defendants, Annette Chambers-Smith, Ernie Moor, Jondrea K. Parrish and Jocelyn K. Lowe recommended a ODRC Policy/Operation Manual Variance Request to 75-MAL-01 section VI A-14. This request was specifically to extend the period to process and deliver incoming legal mail to aid in the identification and interception of contraband into DRC Institutions. (**See Exhibit, D**)

23. On October, 5th 2021, there was ODRC mail policy update sent to the staff as shown in Exhibit D. The policy gives only information for the attorney registration site and the information packet for attorney's. There is nothing to in the policy requiring the courts to obtain a registration number or that allows for the legal mail from the court to processed as regular mail. Defendants, Annette Chamber-Smith, Eddy Bobby, Ernie

Moore, Jocelyn K. Lowe, Jondrea K. Parrish, Marc Bratton, Warden David Gray of

Belmont Correctional Institution, Patrick Haley, their successors in office, agent, and

employees were made aware, knew or should have known that the plaintiff's

constitutional rights were being violated when the incoming legal mail from the courts

were being processed as legal mail.

24. The Plaintiffs have not signed for any of the incoming legal mail that has been re-

classed as regular mail. Defendant Chambers-Smith, Eddy Bobby, Ernie Moore,

Jocelyn K. Lowe, Jondrea K. Parrish are all aware that new policy as being

implemented violates the plaintiff's constitutional rights. Chambers-Smith has failed to

correct the policy she has created and still allows it to continue to date with deliberate

difference to the plaintiff rights. (**See Exhibit B, C, D**)

25. Defendant Annette Chambers- Smith, is aware that the plaintiffs legal mail is privileged

and supposed be private as a constitutional right. Defendant Chambers-Smith is fully

aware that the implementation of this policy at BECI is violating the plaintiff's

constitutional rights. She is personally responsible for choosing to allowing her

successors in office, agent, and employees, Eddy Bobby, Ernie Moore, Jocelyn K.

Lowe, Jondrea K. Parrish, Marc Bratton, Warden David Gray, Patrick Haley, Derek

Winland, Gerry Harris, Kriss Dietrich, Shane Sable, and all other persons acting in

concern and participation with them blatantly and consistently commit a known

constitutional violation against these plaintiffs and do nothing.

26. Prior to the institution of this new mailing policy Defendants, Annette Chamber-Smith,

Eddy Bobby, Ernie Moore, Jocelyn K. Lowe, Jondrea K. Parrish, Marc Bratton,

Warden David Gray of Belmont Correctional Institution, Patrick Haley, their

7

successors in office, agent, and employees Derek Winland, Gerry Harris, Kriss

Dietrich, Shane Sable and all other persons acting in concern and participation with

them, were fully aware Privileged mail is entitled to greater confidentiality and freedom

from censorship than general correspondence, Religious Materials including incoming

legal mail clearly marked from Courts and legal organizations.

27. Defendants, Annette Chamber-Smith, Eddy Bobby, Ernie Moore, Jocelyn K. Lowe,

Jondrea K. Parrish, Marc Bratton, Warden David Gray of Belmont Correctional

Institution, Patrick Haley, their successors in office, agent, and employees Derek

Winland, Gerry Harris, Kriss Dietrich, Shane Sable, and all other persons acting in

concern and participation with them, are fully aware that privileged mail may not be

read in the ordinary course of prison routine, except in emergencies, and the officials

must obtain a warrant for probable cause to read privilege mail.

28. Defendants, Annette Chamber-Smith, Eddy Bobby, Ernie Moore, Jocelyn K. Lowe,

Jondrea K. Parrish, Marc Bratton, Warden David Gray of Belmont Correctional

Institution, Patrick Haley, their successors in office, agent, and employees Derek

Winland, and all other persons acting in concern and participation with them, are fully

aware that privileged mail may be inspected for contraband, but only in the prisoner's

presence.

29. The Plaintiffs Shine-Johnson and Richard Stanton Whitman stopped the defendant

Warden Gray on the yard while coming out of the law library approximately October

8th 2021, began questioning him about the new legal mail policy and the Mail being

opened outside of their presence and copied. Warden Gray responded that the mailroom

staff was not copying legal mail that were clearly marked as from the court and if they

8

did it was an accident and isolated incident, simply because the legal mail probably got mixed up with regular mail. (**See Exhibit B,**)

30. Plaintiffs have presented multiple instances that the legal mail is continuously and consistently being opened outside of their presence, copied, altered, delayed, denied and or destroyed. Defendant Gray is aware that this policy violates the plaintiff's constitutional rights but has failed to correct the violation and still follows this policy to date with deliberate indifference. (**See Exhibit A, B, C,**)

31. Now the ODRC/BECI Defendants, Annette Chamber-Smith, Eddy Bobby, Ernie Moore, Marc Bratton, Warden David Gray of Belmont Correctional Institution, Patrick Haley, their successors in office, agent, and employees Derek Winland, Gerry Harris, Kriss Dietrich, Shane Sable, and all other persons acting in concern and participation with them have instituted and enforced a policy where the confidential legal mail from the State and Federal courts, and being re-classed as regular mail, delayed, opened outside of their presence, read, and copied, altered, lost or destroyed and/or kept by the institution.  The defendants have instituted and enforced a policy that allows staff to reclassify legal mail from the courts as regular mail in violation with clearly established federal law and the plaintiff's Constitutional rights as a prisoner. (**See Exhibit A, B, C, D**)

32. The BECI prison mail room staff defendants Derek Winland, Gerry Harris, Kriss Dietrich, are responsible processing the incoming legal mail by opening the plaintiffs legal mail outside their presence and copying, altering delaying, denying and/or destroying the incoming legal mail at the direction of defendants Annette Chamber-

9

Smith, Eddy Bobby, Ernie Moore, Marc Bratton, Warden David Gray of Belmont Correctional Institution, Patrick Haley their successors in office, agent, and employees.

33. Upon information and belief, the original copies of the re-classed legal mail are then destroyed after thirty days if not sent home at the cost of the plaintiffs.

34. The defendant Warden David Gray, may be acting pursuant to the policy, the order giver, or policy maker. The defendant is well aware that the plaintiffs legal mail is a constitutional right and is personally liable for choosing to carry out a known constitutional violation against these plaintiffs. The defendant based off of prior operations and policy and the obvious interpretation of the current policy that he is violating the plaintiff's rights. Nowhere in the new policy does it require incoming legal mail from the courts to apply for a confirmation number. The only registration procedure is for ATTORNEY'S. Defendant is also responsible for the copying the plaintiffs regular mail/general correspondence, and Religious Materials when it poses no security risk and forcing the plaintiffs to pay to send the original copies home or destroying them. (**See Exhibit, D**)

35. The defendant Institutional Inspector Haley, may be acting pursuant to the policy, the order giver, or policy maker. The defendant is well aware that the plaintiffs legal mail is a constitutional right and is personally liable for choosing to carry out a known constitutional violation against these plaintiffs. The defendant based off of prior operations and policy and the obvious interpretation of the current policy that he is violating the plaintiff's rights. Nowhere in the new policy does it require incoming legal mail from the courts to apply for a confirmation number. The only registration procedure is for ATTORNEY'S. Defendant is also responsible for the copying the

plaintiffs regular mail/general correspondence when it poses no security risk and forcing the plaintiffs to pay to send the original copies home or destroying them. (**See Exhibit, D**)

36. The defendant Marc Bratton Chief institutional inspector, may be acting pursuant to the policy, the order giver, or policy maker. The defendant is well aware that the plaintiffs legal mail is a constitutional right and is personally liable for choosing to carry out a known constitutional violation against these plaintiffs. The defendant based off of prior operations and policy and the obvious interpretation of the current policy that he is violating the plaintiff's rights. Nowhere in the new policy does it require incoming legal mail from the courts to apply for a confirmation number. The only registration procedure is for ATTORNEY'S. Defendant is also responsible for the copying the plaintiffs regular mail/general correspondence, and Religious Materials when it poses no security risk and forcing the plaintiffs to pay to send the original copies home or destroying them. (**See Exhibit, D**)

37. Ernie Moore, Deputy Director of the ODRC is responsible for enforcing the polices handed down upon the prisons institutions in Ohio and may be acting pursuant to the policy, the order giver, or policy maker. The defendant is well aware that the plaintiffs legal mail is a constitutional right and is personally liable for choosing to carry out a known constitutional violation against these plaintiffs. The defendant based off of prior operations and policy and the obvious interpretation of the current policy that he is violating the plaintiff's rights. Nowhere in the new policy does it require incoming legal mail from the courts to apply for a confirmation number. The only registration procedure is for ATTORNEY'S. Defendant is also responsible for the copying the

11

plaintiffs regular mail/general correspondence when it poses no security risk and forcing the plaintiffs to pay to send the original copies home or destroying them. (**See Exhibit, D**)

38. Eddy Bobby, Regional Director of the ODRC is responsible for enforcing the polices at Belmont Correctional Institution and may be acting pursuant to the policy, the order giver, or policy maker. The defendant is well aware that the plaintiffs legal mail is a constitutional right and is personally liable for choosing to carry out a known constitutional violation against these plaintiffs. The defendant based off of prior operations and policy and the obvious interpretation of the current policy that he is violating the plaintiff's rights. Nowhere in the new policy does it require incoming legal mail from the courts to apply for a confirmation number. The only registration procedure is for ATTORNEY'S. Defendant is also responsible for the copying the plaintiffs regular mail/general correspondence, and Religious Materials when it poses no security risk and forcing the plaintiffs to pay to send the original copies home or destroying them. (**See Exhibit, D**)

39. The defendants Derek Winland, Gerry Harris, Kriss Dietrich, Shane Sable are the mailroom staff employees and may be acting pursuant to the policy, the order giver, or policy maker. These defendants should have been aware that of the federal law and could be held personally liable for choosing to carry out a known constitutional violation against these plaintiffs. The defendants based off of prior operations and policy and the obvious interpretation of the current policy that he is violating the plaintiff's rights but also may be doing so under duress for the sake of their jobs and livelihoods. Nowhere in the new policy does it require incoming legal mail from the

courts to apply for a confirmation number. The only registration procedure is for ATTORNEY'S. The said Defendant are also responsible for the copying the plaintiffs regular mail/general correspondence when it poses no security risk and forcing the plaintiffs to pay to send the original copies home or destroying them. (**See Exhibit, D**)

40. Where the plaintiffs Whitman and Shine-Johnson have a right to access the courts and Confidentiality of their legal documents are being subjected to any treatment the Defendants, Annette Chamber-Smith, Eddy Bobby, Ernie Moore, Marc Bratton, Warden David Gray of Belmont Correctional Institution, Patrick Haley their successors in office, agent, and employees Derek Winland, Gerry Harris, Kriss Dietrich, Shane Sable and all other persons acting in concern and participation with them as they see fit. This means the plaintiffs legal mail can be copied, read, altered and shared amongst the gossip of employees, denied and destroyed. Where the plaintiffs have an open pending civil suit against any ODRC staff or official that mail can be read, denied, destroyed to gain an unfair advantage because many of the staff have personal relationships with one another and are friends. (**See Exhibit A, B, C,**)

41. The Plaintiffs upon information and an honest belief that their mail is being screened outside the plaintiff's presence as retaliation to impede the inmate's legal actions against Defendants, Annette Chamber-Smith, Eddy Bobby, Ernie Moore, Marc Bratton, Warden David Gray of Belmont Correctional Institution, Patrick Haley in their civil suit case No. **2:20-CV-05919.** The re-classed legal mail copied is no longer being signed and dated by the inmate this allows the defendants to simply do what it wants with the legal mail. Now the defendants can have an intrusive eye into the prisoner's legal matters. (**See Exhibit A, B, C, D**)

**42.** Defendants, in this suit Annette Chamber-Smith, Eddy Bobby, Ernie Moore, Marc Bratton, Warden David Gray of Belmont Correctional Institution, Patrick Haley their successors in office, agent, and employees and all other persons acting in concern and participation with them have instituted a policy that is unconstitutional where the confidential legal mail from the state and federal courts is being re-classed as regular mail, delayed, opened outside of their presence, read, and copied, altered, lost or destroyed and/or kept by the institution. (**See Exhibit A, B, C, D**)

**43.** Before this policy the ODRC followed the federal law protecting the Plaintiffs First-Amendment rights where prisoners have a right of privacy in their communications. It was well known and the Defendants, in this suit Annette Chamber-Smith, Eddy Bobby, Ernie Moore, Marc Bratton, Warden David Gray of Belmont Correctional Institution, Patrick Haley, their successors in office, agent, and employees and all other persons acting in concern and participation with them are all aware that Privileged incoming legal correspondence may not be read by prison officials or opened outside the prisoner's presence and may not be read in the guise of searching for contraband.

**44.** Defendant Inspector Haley was informed by the Plaintiffs using the 5120-9-31 grievance procedure system provided by the institution has requested the institution not to open or copy his legal mail outside of his presence and the operation of the policy was in violation of OAC § 5120-9-17(B)(2) and ODRC 59-LEG-01, ¶ VI.G.1. His kite's grievances and appeals to ODRC were denied. Inspector Haley is aware that this policy violates the First Amendment but has failed to correct the violation. (**See Exhibit A, D**)

14

**45.** The Plaintiff Richard Whitman wrote the Correctional Institution Inspection Committee about the new mailing policy. The Correctional Institution Inspection Committee responded on March 7th, 2022, that when the DRC policies 75-MAL-01 and 75-MAL-03, legal mail is defined as mail that both has a "return address of an attorney at law, a public service law office, a law school legal clinic, court of law, or the correctional inspection committee and is marked with a valid control Number provided by the Number. Mail that does not have a valid control Number will be treated as regular. This policy violates clearly established Federal law. (**See Exhibit D**)

**46.** On September 30th, 2021 Plaintiff Richard Whitman filed an informal complaint about his legal Mail from the court being opened outside of his presence. That Informal complaint was denied. Plaintiff Whitman escalated his informal complaint to a grievance. Inspector Haley responded on October 5th, 2021 denying the grievance. Whitman Then appealed his grievance and Marc Bratton responded on October 28th ,2021 denying the grievance. (**See Exhibit A, B, C, D**)

**47.** The Plaintiff Whitman then filed a subsequent informal complaint on November 15, 2021 and was denied all the way through the appeal Process. The Plaintiff then filed a subsequent informal complaint on February 12th, 2022 and those responses were also denied. (**See Exhibit A, B, C, D**)

**48.** On October 15th, 2021 The Plaintiff Shine-Johnson filed an informal complaint that was ultimately denied. The Plaintiff then escalated his informal complaint to a grievance. (**See Exhibit A, B, C, D**)

49. On October, 17, 2021 plaintiff Shine-Johnson requested the mail his mail not be opened outside of my presence that complies with the sixth circuits opt-in system. (**See Exhibit A, B,**)

50. On October, 20th, 2021, Mr. Haley in his direct Response to this plaintiff Shine-Johnson grievance. Inspector stated that the policy requires my attorney to go to the "Attorney Registration Site." The Inspector misinterprets the Policy and broadly applies that the Control Number applies to all legal mail Inspector Haley never addresses the fact that the Legal Mail Policy does not require the courts to provide a control Number. (**See Exhibit A, B, C, D**)

51. Defendant Haley then stated that "The Columbus Clerk of Courts is aware and agrees with the new legal mail process and allegedly stated that most of what they send would not need to be confidential or processed as legal mail so if it comes without a control number to treat it as Legal Mail." (**See Exhibit A, B, C, D**)

52. On December, 14th, 2021, Plaintiff Shine-Johnson Filed another Informal complaint that the legal mail policy was in violation of his constitutional rights. (**See Exhibit A, B, C, D**)

53. Inspector Haley on December 22th, 2021, Inspector Haley gave the same response stating that the courts had to use the Attorney registration site. Defendant Marc Bratton then denied the Appeal with deliberate indifference. (**See Exhibit A, B, C, D**)

54. Prisons operated by Ohio Department of Rehabilitation and Correction ("ODRC") are also subject to the Ohio Administrative Code, which requires that "legal mail" (defined as mail addressed to an inmate clearly bearing the return address of, inter alios, an attorney-at-law) "may be opened and inspected for contraband only in the presence of

16

the inmate-addressee." OAC § 5120-9-17(B)(2). The ODRC further has a written
policy requiring prison officials to comply with the Ohio Administrative
Code's legal mail provisions. See ODRC 59-LEG-01, ¶ VI.G.1. (**See Exhibit D**)

55. Plaintiff Shine-Johnson's legal mail from the Courts is being consistently being re-
classed as regular mail, delayed, opened outside of their presence, read, and copied,
altered, lost or destroyed and kept by the institution on October 13th, 2021 and October
18th, 2021 and October 29th, 2021, November 19th 2021December 13th 2012, December
15th, 2021, December 20th, 2021, December 22nd, 2021. Most recently January, 4th,
2022, January 11th, 2022, January, 13th, 2022, March, 15th, 2022, April, 06, 2022, April,
28, 2022, April, 29, 2022. (**See Exhibit A, B, C**)

56. Plaintiff Whitman's legal mail from the courts is being consistently re-classed as
regular mail, delayed, opened outside of their presence, read, and copied, altered, lost or
destroyed and kept by the institution on September 30, 2021, October 8, 2021,
November 15 2021, February 10, 2022, March 7, 2022 March, 15th, 2022, April, 06,
2022, April, 25, 2022, April, 28, 2022. (**See Exhibit A, B, C**)

57. Plaintiffs Whitman and Shine-Johnson have provided notice to the prison officials
using the kite system provided by the institution, requesting the institution not to open
his legal mail outside of their presence in compliance with the sixth circuits opt-in
system. The plaintiff's kites were ignored with deliberate indifference. (**See Exhibit A,
B,**)

58. Defendants, Annette Chamber-Smith, Eddy Bobby, Ernie Moore, Marc Bratton,
Warden David Gray of Belmont Correctional Institution, Patrick Haley have failed to
act or remedy the constitutional violation regarding the plaintiff's informal complaints

17

and grievances about the incoming legal mail being re-classed as regular mail, delayed, opened outside of their presence, read, and copied, altered, lost or destroyed.

59. The BCI staff have not produced or presented a warrant for probable cause to open the plaintiffs privileged legal mail. The Plaintiffs have not signed their signature for any of the legal mail that has been re-classed as regular mail. If the plaintiffs name is found on any of the mail logs for the dates which the legal mail was being re-classed as regular mail, delayed, opened outside of their presence, read, and copied, altered, lost or destroyed was done fraudulently.

60. The Plaintiffs Shine-Johnson or Whitman are not under investigation for violating any of the Belmont or ODRC policies. Their legal mail provides no threat to security and there is no legitimate reason or concern for their legal mail to be opened outside of their presence.

61. This opening of plaintiff Shine-Johnson's legal mail outside of his presence and be re-classed as regular mails raises a serious concern where it affects the plaintiff ability to put forth his legal actions. For example, the plaintiff already has a pending civil action case No. **2:20-CV-05919,** against these same defendants in this suit. A judicial decision was decided on March 4th 2022. The envelope was stamped March, 7th 2022. The mail was marked received and copied on March, 15th, 2022. There was an eight-day delay in processing the mail. There was a fourteen-day deadline for this response, this creates the probability that his future legal mail will be opened and the plaintiff's litigation will be obstructed, impeded or frustrated and deny him access to the courts due to undue delay, and deliberate indifference. (**See Exhibit B, C**)

62. In the plaintiff's open suit case No. **2:20-CV-05919, as a direct result of this mailing policy.** The Plaintiff has **NOT** received **ECF NO. 68** and did not find out until the magistrate's order ECF. No.77, that there was a Judicial decision made in that action. This has directly affected the ability of the plaintiffs to litigate his civil action **denying them access to the court** to respond to this specific court order to raise objections, reconsideration, or request a certificate of appealablilty, etc. The plaintiff tried to address this issue inside of his action but magistrate Preston-Devers directed the plaintiff to file a whole separate suit. (**See Exhibit B, E**)

63. The Magistrate Preston-Deavers struck the brief requesting the court to grant an injunction or simply follow the mailing policy to prevent the plaintiffs civil suit from being impeded. The Mail form the attorneys and attorney generals are not being re-classed on the mail from the courts because the courts refuse to follow this new unlawful mailing procedure.

64. The BECI mailroom staff now can read, and discuss all of the plaintiff's private legal mail with all of the staff members and/or inmates at BECI and violates the privacy of his legal correspondence to the courts. Some of the legal documents are open pending civil suits against these same defendants which give them an unfair advantage and could allow for these suits to be purposely impeded and/or sabotaged.

65. The Magistrates in the plaintiffs pending suit have ORDERED the plaintiffs to file a separate action. Magistrate Merz in his Order to plaintiff Shine-Johnson stated that the Plaintiffs the court is not requiring the Plaintiff file a separate suit. (**See Exhibit E**)

66. Defendants, Annette Chamber-Smith, Eddy Bobby, Ernie Moore, Marc Bratton, Warden David Gray of Belmont Correctional Institution, Patrick Haley, their

19

successors in office, agent, and employees and all other persons acting in concern and participation with them have instituted an unconstitutional mailing policy where the Plaintiff's legal mail is being re-classed as regular mail, opened outside of his presence, read, and copied, altered, delayed, destroyed denied and/or kept by the institution. Each Defendant is also responsible for the copying the plaintiffs regular mail/general correspondence, and Religious Materials when it poses no security risk and forcing the plaintiffs to pay to send the original copies of the mail home or destroying them.

67. The BECI Mailroom began making copies of the regular approximately the beginning of October 2020 and sent out a j-pay blast December 2020. There has been no Update Administrative Code 5120-9-17, that mandates his religious materials or Correspondence course certificates **"MUST"** be copied.

68. The Plaintiff Shine-Johnson began receiving original copies of all on April 19th, 2021.

69. On May 18th 2022 the BECI mailroom Copied the Plaintiffs Church of Light Religious Correspondence Course Certificate and award manuscripts for completing each. Shine-Johnson started taking the Religious correspondence course April 19th 2021. The general incoming mail was already being copied at the time. The institution allowed for Shine-Johnson to receive his original course certificate and award manuscripts because it posed no security threat or risk and can be verified. Shine-Johnson has the original copies of his correspondence certificates from August 15th 2021, October 24th 2021. The Last Original Course Certificate and award manuscript Shine-Johnson received was on January 23rd 2022.

70. The Institution allows the uncensored copy of the original copies of the Quarterly pamphlets from the church of light organization.

71. Upon Information and belief, the BECI facility allows for other correspondence course students to receive their original copies of correspondence course certificates that are of no religious significance i.e. Blackstone paralegal course etc.

72. Upon information and belief Shine-Johnson is being retaliated against because he has been complaining about the copying of his legal mail and the mail room has been reading his incoming legal mail. The petitioner has requested preliminary injunctions and temporary restraining orders and cease and desist orders to be placed on the BECI mail Room. Since this has happened Shine-Johnson has been having issue with is Church of light mail. Defendants, Annette Chamber-Smith, Eddy Bobby, Ernie Moore, Warden David Gray of Belmont Correctional Institution, Patrick Haley, are defendants in that suit **2:20-CV-05919** and are in a position to adeptly have their employees purposely frustrate the plaintiff's rights.

73. Upon information and belief, the majority of the contraband enters the prison by way of the prison Staff. The Defendants, Annette Chamber-Smith, Eddy Bobby, Ernie Moore, Jocelyn K. Lowe, Jondrea K. Parrish, Marc Bratton, Warden David Gray of Belmont Correctional Institution, Patrick Haley, their successors in office, agent, and employees doesn't want to give the appearance that it can't control its facilities drug problem and it's easier and less shame to use the inmates as scapegoats.

74. Defendants, Annette Chamber-Smith, Eddy Bobby, Ernie Moore, Jocelyn K. Lowe, Jondrea K. Parrish, Marc Bratton, Warden David Gray of Belmont Correctional Institution, Patrick Haley, their successors in office, agent, and employees Derek Winland, Gerry Harris, Kriss Dietrich, Shane Sable and all other persons acting in concern and participation with them, are fully capable of screening the mail, identifying

21

and detecting contraband and mail in violation of its policies and identifying the culprit and reprimanding that particular person singularly.

75. The defendants, Defendants, Annette Chamber-Smith, Eddy Bobby, Ernie Moore, Jocelyn K. Lowe, Jondrea K. Parrish, Marc Bratton, Warden David Gray of Belmont Correctional Institution, Patrick Haley, their successors in office, agent, and employees Derek Winland, Gerry Harris, Kriss Dietrich, Shane Sable and all other persons acting in concern and participation with them are fully aware this policy is punishing the inmates that are not violating the policy.

## V.     EXHAUSTION OF LEGAL REMEDIES (D)

76. Plaintiff's Joeseph Shine-Johnson and Richard Whitman, used the 5120-9-31 prisoner "Grievance Procedures" available at Belmont Correctional Institution in their attempts to resolve these issues in this complaint ¶ 1-75. A notice to agent is a notice to principal, therefore all supervising prison officials are aware and/or should be aware the plaintiff's complaints. (See **EXHIBIT** A)

77. ALL Grievances or complaints were DENIED. (See **EXHIBIT** A).

78. Plaintiffs Appealed these denials and were DENIED at the FINAL level of the 5120-9-31 Grievance Procedures exhausting all remedies. (See **EXHIBIT** A).

## VI.     LEGAL CLAIM (F)

79. Plaintiffs reaffirm and incorporate by reference ¶ 1-101, and all Exhibits attached.

80. The ODRC staff has been violating its own policy by re-classing the plaintiffs legal mail as regular mail, opening his legal mail outside of his presence, copying, altering, destroying, reading, delaying, and/or denying legal mail and the copying the plaintiffs regular mail/general correspondence and general mail, Religious Materials when it poses no security risk and forcing the plaintiffs to pay to send the original copies of the mail home or destroying them.

81. in violation of the First, Fourth, Eighth and Fourteenth Amendment Constitutional Right and his protections.

82. The Plaintiffs have no plain, adequate or complete remedy at law to redress the wrongs herein. The Plaintiffs have been and will continue to be irreparably Injured by the Conduct of the defendants unless this Honorable Court Grants the declaratory and Injunctive relief which the plaintiffs seek.

## VII.   PRAYER FOR RELIEF (G)

Wherefore, Plaintiff's respectfully prays that This Honorable Court enters a judgment Granting These Plaintiff(S):

83. The declaration that the acts and omissions describes herein violated plaintiff's right under the of the constitution and laws of the united states.

84. Request for a permanent injunction and restraining ordering against all said defendants of this complaint, and their successors in office, agent, and employees and all others persons acting in concern and participation with them to prevent retaliation against the plaintiffs and to stop this new legal mail policy of re-classifying the plaintiffs incoming

23

legal mail as regular mail, opening the plaintiff(s) legal mail outside of their presence, copying, altering, destroying, reading, delaying, and/or denying incoming legal mail.

85. Request for an injunction to allow prisoners to obtain original copies of mail, letters and Correspondence Course Certificates or religious materials etc., that pose no security threat, and no contraband was found.

86. Request for an injunction to create a system to store the physical original copy of inmates incoming regular mail.

87. Request for monetary damages of $5,000 for each plaintiff and punitive damages of $2,500 for instance for each plaintiff for the violation of their constitutional rights from each defendant jointly and severely.

88. The plaintiffs demand a jury trial on all issues triable by jury or in alternative grant summary judgment.

89. Plaintiffs cost in this suit.

90. Any additional relief this court deems just, proper and equitable.

**Respectfully Submitted,**

**Joeseph Shine-Johnson**

**Richard Stanton Whitman**

24

## VERIFICATION (H)

I, have read the foregoing complaint and hereby verify that the matter alleged therein are true, except as to matter alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of Perjury that the foregoing is true and correct.

Executed at St. Clairsville, OH on this day ___16___, of ___August___, 2022

## EXHIBITS

   **A. A: FILED GRIEVANCES**

   **B. B: PLAINTIFF AFFIDAVITS**

   **C. C: LEGAL MAIL**

   **D. D: ODRC MAIL POLICIES**

   **E. E: MAGISTRATES ODER**