**EXHIBIT E: MAGISTRATES ORDER**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JOSEPH SHINE-JOHNSON,

        Petitioner,    :   Case No. 2:20-cv-1873

- vs -                 Chief Judge Algenon L. Marbley
                             Magistrate Judge Michael R. Merz

WARDEN,
  Belmont Correctional Institution,

        Respondent.

## DECISION AND ORDER STRIKING MOTION

    This habeas corpus case is before the Court on Petitioner's Motion for a Court Order in the nature of injunctive relief to require Respondent and his agents to cease dealing with Petitioner's legal mail in certain ways (ECF No. 102). The Motion is stricken because entry of injunctive relief dealing with prison conditions is properly the subject of general civil rights litigation under 42 U.S.C. § 1983. The relief available to a habeas corpus court is limited to issuing the writ of habeas corpus dealing with the constitutionality of a prisoner's confinement. The Supreme Court and the Sixth Circuit have directed that the two varieties of litigation be kept secret. *Preiser v. Rodriquez*, 411 U.S. 475 (1973); *In re Campbell*, 874 F.3d 454 (6th Cir. 2017).

    In striking this Motion, the Court is not requiring Shine-Johnson to file a new lawsuit challenging the mail policy or practice. In fact he already has such an action pending in which he has also sought injunctive relief relating to legal mail practice. *Shine-Johnson v. Dewine*, Case No. 2:20-cv-05919, Motion for Preliminary Injunction, ECF No. 66.

EXhibiT E         1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RICHARD STANTON WHITMAN, | CASE NO. 5:19-cv-01818 |
| Plaintiff, | OPINION & ORDER [Resolving Docs. 54; 55; 57] |
| v. | |
| WARDEN DAVID W. GRAY, | |
| Defendant. | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Petitioner Richard Stanton Whitman is presently serving a 21-year to life sentence for murder with a firearm specification and for having a weapon while under a disability.[1] Whitman filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.[2] This Court denied Whitman's habeas corpus petition.[3] Whitman appealed that decision.[4]

Whitman now moves this Court to appoint counsel for his appeal.[5] Whitman also moves this Court to enter an order of protection requiring Ohio Department of Rehabilitation and Correction ("ODRC") staff to open Whitman's legal mail in front of him and ordering ODRC staff to stop its policy of copying Whitman's legal mail.[6]

For the following reasons, this Court **DENIES** Plaintiff's motion to appoint counsel and **DIRECTS** Plaintiff to refile this motion with the Sixth Circuit. The Court further **DENIES** Plaintiff's motion for an order of protection.

---

[1] Doc. 8-1 at 37–48.
[2] Doc. 1.
[3] Doc. 50.
[4] Doc. 52.
[5] Doc. 54.
[6] Docs. 55; 57.

EXHibiT E

Case No. 5:19-cv-01818
GWIN, J.

## I. Motion to Appoint Counsel.

There is no constitutional right to counsel in a habeas corpus proceeding.[7] The decision whether to appoint counsel for a habeas petitioner is within the discretion of the court and counsel is appointed only when "the interests of justice or due process so require."[8] To determine whether to appoint counsel, "[c]ourts should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors."[9]

Whitman moves this Court to appoint counsel for his appeal to the Sixth Circuit.[10] Because Whitman seeks counsel for his appeal, however, Whitman should direct this request to the Sixth Circuit where his appeal is pending.[11] This Court therefore denies Whitman's motion to appoint counsel without prejudice to Whitman's right to refile the motion with the Sixth Circuit.

## II. Motion for an Order of Protection.

Whitman asks this Court to enter an order of protection in response to the new ODRC legal mail policy.[12] Whitman says this policy violates his First Amendment right.

A motion for an order of protection is not the proper vehicle through which to raise

---

[7] *Daniels v. Jackson*, No. 20-2090, 2021 WL 1923060, at *3 (6th Cir. Mar. 9, 2021).

[8] *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986).

[9] *United States v. Augustin*, 16 F.4th 227, 234 (6th Cir. 2021) (internal quotation omitted); *see also Farris v. Chapman*, No. 2:19-CV-10265, 2020 WL 948416, at *1 (E.D. Mich. Feb. 27, 2020) ("[T]he appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel."); *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 788 (E.D. Mich. 2004) ("The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur when a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim.").

[10] Doc. 54.

[11] *See, e.g., Rogers v. Skipper*, 811 F. App'x 986 (6th Cir. 2020) (Sixth Circuit ruling on a habeas petitioner's motion to appoint counsel for an appeal).

[12] Docs. 55; 57. The new ODRC legal mail policy is as follows: All attorneys and legal services providers must register with the ODRC. Once registered, they can access "control numbers" to put on their legal correspondence. If incoming legal mail has a control number, it will be opened and inspected only in the presence of the prisoner-addressee. If the mail does not have a control number—even if the mail is marked as legal mail—it will be treated as ordinary mail and will be opened, copied, and delivered to prisoners. Doc. 57-1.

-2-

Exhibit E

Case No. 5:19-cv-01818
GWIN, J.

a First Amendment challenge to the new ODRC legal mail policy. Whitman seeks to prevent ODRC staff from opening his legal mail because he says the policy violates his constitutional right. An order of protection, however, is granted only when the movant establishes: "(1) the interest for which protection is sought is an actual trade secret or other confidential business information, and (2) there is good cause for the entry of a protective order."[13] Protective orders may also be issued "for good cause shown to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including that the disclosure or discovery not be had or that the disclosure or discovery be limited to certain matters."[14] An order of protection is not warranted here.

Further, the new ODRC legal mail policy does not violate Whitman's First Amendment right.

"A prisoner's right to receive mail is protected by the First Amendment."[15] That protection is heightened when the incoming mail is legal mail.[16] Prison officials may open and inspect a prisoner's legal mail only in the presence of the prisoner "in accordance with appropriately drafted and uniformly applied regulations."[17] Prison officials may, however, "impose [mail-related] restrictions that are reasonably related to security or other legitimate penological objectives."[18] Further, if "screening detect[s] the presence of any prohibited devices, or instruments, any such packages may be opened for inspection outside the presence of the prisoner-addressee."[19]

---

[13] *Vignes-Starr v. Lowe's Home Ctrs., LLC*, 544 F. Supp. 3d 774, 777 (W.D. Ky. 2021) (citation omitted).
[14] *Chelsey Nelson Photography LLC v. Louisville/Jefferson Cty. Metro Gov't*, No. 319CV00851BJBCHL, 2021 WL 3778532, at *2 (W.D. Ky. Aug. 25, 2021) (citing Fed. R. Civ. P. 26(c)).
[15] *Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003).
[16] *Id.* at 874.
[17] *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996).
[18] *Sallier*, 343 F.3d at 873.
[19] *Kensu*, 87 F.3d at 174–75.

- 3 -

Exhibit E

Case No. 5:19-cv-01818
GWIN, J.

The new ODRC policy satisfies constitutional requirements. Legal mail that includes a control number is only opened in the presence of the prisoner-addressee.[20] If there are obvious indications that a piece of mail contains contraband, ODRC staff will withhold the item and contact the sender.[21] The sender can then request that the mail be returned.[22] If the sender requests that the mail not be returned, it will be treated as contraband.[23]

Therefore, Whitman's challenge to the ODRC's new legal mail policy fails.

### III. Conclusion

For the foregoing reasons, this Court **DENIES** Plaintiff's motion to appoint counsel and **DIRECTS** Plaintiff to refile this motion with the Sixth Circuit. The Court further **DENIES** Plaintiff's motion for an order of protection.

IT IS SO ORDERED.

Dated: March 3, 2022            s/ *James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[20] Doc. 57-1. The control number system was introduced to stop the flow of drugs and contraband into institutions.
[21] Doc. 57-1.
[22] *Id.*
[23] *Id.*

Exhibit E

- 4 -

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JOSEPH SHINE-JOHNSON, *et al.*,

    Plaintiffs,

v.

    Civil Action 2:20-cv-5919
    Judge Sarah D. Morrison
    Magistrate Judge Elizabeth P. Deavers

MIKE DEWINE, *et al.*,

    Defendants.

## ORDER

This matter is before the Court for consideration of the Motion for Cease and Desit [sic] Order or for the Court to Comply with ODRC Policy. (ECF No. 79.) This filing is improper, as it appears to pursue claims related to Plaintiffs' mail being reclassified and/or opened outside of their presence, which the Court has repeatedly held are not related to the claims at issue in this litigation. (*See* ECF Nos. 68, 77.) The fact that Plaintiffs' mail may relate to this litigation does **NOT** change this conclusion, as Plaintiffs' claims in this action are unrelated to any policies regarding Plaintiffs' mail. Accordingly, Plaintiffs' Motion is **STRICKEN**.

The Court **ADVISES** Plaintiffs, for the third time, that to the extent that any Plaintiff wishes to pursue claims related to their mail being reclassified and/or opened outside of their presence – even if that mail relates to this litigation – they are **DIRECTED** to file a separate action for such claims, accompanied by payment of the Court's filing fee or a new application to proceed *in forma pauperis*.

    **IT IS SO ORDERED.**

Date: April 26, 2022             */s/ Elizabeth A. Preston Deavers*
                                                ELIZABETH A. PRESTON DEAVERS
                                                UNITED STATES MAGISTRATE JUDGE

EXhibiT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSEPH SHINE-JOHNSON, *et al.*,

    Plaintiffs,

v.

    Civil Action 2:20-cv-5919
    Judge Sarah D. Morrison
    Magistrate Judge Elizabeth P. Deavers

MIKE DEWINE, *et al.*,

    Defendants.

## ORDER

This matter is before the Court for consideration of two recent filings, entitled "Motion to Suspend Opening of Plainffs [sic] Legal Mail" and "Judicial Notice Pursuant USCS Fed Rules Evid R 201." (ECF Nos. 74, 75.) These filings are improper, as they appear to pursue claims related to Plaintiffs' mail being opened outside of their presence, which the Court already has held are not related to the claims at issue in this litigation. (*See* ECF No. 68.) Additionally, despite there being numerous Plaintiffs in this case, only Plaintiff Shine-Johnson filed the Motion, ECF No. 74, and only Plaintiff Whitman filed the Notice, ECF No. 75. On April 1, 2021, the Court advised Plaintiffs that "the Court will strike any future filings that are applicable to this litigation unless **ALL** Plaintiffs have signed the document." (ECF No. 35.) Accordingly, Plaintiffs' filings, ECF Nos. 74 and 75, are **STRICKEN**.

Again, to the extent that any Plaintiff wishes to pursue claims related to mail being opened outside of their presence, they are **DIRECTED** to file a separate action for such claims, accompanied by payment of the Court's filing fee or a new application to proceed *in forma pauperis*.

Exhibit E

**IT IS SO ORDERED.**

Date: March 29, 2022

/s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE