UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| JOESEPH SHINE-JOHNSON, et al., | : | Case No. 2:22-cv-3236 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| | : | Judge James L. Graham |
| vs. | : | Magistrate Judge Stephanie K. Bowman |
| | : | |
| ANNETTE CHAMBERS-SMITH, et al., | : | |
| | : | |
| Defendants. | : | |

**ORDER and**
**REPORT AND RECOMMENDATION**

Joeseph Shine-Johnson and Richard Stanton Whitman have filed an action under 42 U.S.C. § 1983 concerning the Ohio Department of Rehabilitation and Correction's handling of "legal mail" at Belmont Correctional Institution, where they are in custody.  (Doc. 12).  Plaintiffs are proceeding in the action *in forma pauperis* (Doc. 3, 10) and without the assistance of counsel.

The matter is currently before the Court for an initial screening of the Complaint as required by law.  28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2).  For the reasons that follow, the Undersigned will **ALLOW** Plaintiffs' "legal mail" claims under the First, Fourth, and Fourteenth Amendments to **PROCEED** to further development at this time.  However, the Undersigned **RECOMMENDS** that the Court **DISMISS** any § 1983 claim based on violations of state law or ODRC policy, any claim under the Eighth Amendment, and all claims for monetary damages against Defendants in their official capacities.

**I.      Initial Screening Standard**

Because Plaintiffs are prisoners seeking "redress from a governmental entity or officer or employee of a governmental entity," and are proceeding *in forma pauperis*, the Court is required

to conduct an initial screening of his complaint.  28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2).  The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b) and 1915(e)(2).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Court must construe the complaint in Plaintiffs' favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient.  *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]).  Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials."  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory."  *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

**II.      Parties and Claims**

Two plaintiffs filed this case:  Joeseph Shine-Johnson and Richard Stanton Whitman. (Doc. 12, PageID 206-207).  Plaintiffs are prisoners in the custody of the Ohio Department of Rehabilitation and Correction (ODRC), currently incarcerated at Belmont Correctional Institution (BeCI).  Plaintiffs sue fourteen defendants, all of whom are affiliated with the ODRC and/or BeCI:

1.   Annette Chambers-Smith, Director of the ODRC

2.   Marc Bratton, Assistant Chief Inspector for the ODRC

3.   Eddy Bobby, Regional Director of the ODRC

4.   Ernie Moore, Deputy Director of the ODRC

5.   Jondrea K. Parrish, ODRC Central Policy Review Chairperson

6.   Jocelyn K. Lowe, Head of the ODRC Legal Team

7.   David Gray, Warden of BeCI

8.   Patrick Haley, Institutional Inspector for BeCI

9.   Derek Windland (or Winland), Mailroom Staff at BeCI

10. Gerry Harris, Mailroom Staff at BeCI

11. Kriss Dietrich, Mailroom Staff at BeCI

12. Shane Sable, Mailroom Staff at BeCI

13. John Doe, Mailroom Staff at BeCI

14. Jane Doe, Mailroom Staff at BeCI

(Doc. 12, PageID 210-215).  Plaintiffs sue Defendants in their individual and official capacities. (*Id*., PageID 215).  They seek injunctive and declaratory relief, as well as monetary damages. (*Id*., PageID 211, 233-234).

Plaintiffs bring their claims under 42 U.S.C. § 1983 (*see* Doc. 12, PageID 211), which requires them to plead "(1) a deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted). They allege that changes to the ODRC's legal mail policies violate, and have led to violations of, their rights under the First, Fourth and Fourteenth Amendments. (Doc. 12, PageID 216).

### III. Discussion

At this stage of the proceedings, without the benefit of an Answer or other briefing, the Undersigned concludes that Plaintiffs' claims concerning their "legal mail" and the ODRC's legal mail policies should proceed to further development. The Undersigned expresses no opinion on the merits of these claims at this time.

Some parts of these claims, however, should be dismissed.

#### A. Claims Alleging Violations of State Law or ODRC Policy

Among other things, Plaintiffs allege that Defendants' actions violated ODRC Policy. (Doc. 12, PageID 233, ¶ 80). Although this allegation likely forms part of the background for Plaintiffs' constitutional claims, a § 1983 claim cannot be based on a violation of state law or policy. *See Williams v. Burgess*, No. 5:21-cv-99, 2021 WL 5816830, at *4 (W.D. Ky. Dec. 7, 2021) (citing *Laney v. Farley*, 501 F.3d 577, 580 n.2 (6th Cir. 2007)) ("The purpose of § 1983 is to remedy violations of federal law, not state law."); *Lewellen v. Metro. Gov't of Nashville*, 34 F.3d 345, 347 (6th Cir. 1994) ("Unless a deprivation of some federal constitutional or statutory right has occurred, § 1983 provides no redress even if the plaintiff's common law rights have been violated and even if the remedies available under state law are inadequate"). Thus, to the extent that part of Plaintiffs' § 1983 claim is based on an allegation that Defendants violated state

4

law or ODRC policy, that part of the claim should be dismissed. *See Brown v. Mahlman*, No. 1:22-cv-239, 2022 WL 17817615, at *3 (S.D. Ohio Dec. 19, 2022) (dismissing alleged violations of ODRC policy because they "fall outside the scope of § 1983").

      **B.    Claim under the Eighth Amendment**

In describing their legal claims, Plaintiffs assert that Defendants' actions violated their rights under the First, Fourth, *Eighth*, and Fourteenth Amendments. (Doc. 12, PageID 233, ¶ 81). This appears to be the only mention of the Eighth Amendment in the Complaint. (*Compare* Doc. 12, PageID 216, ¶ 21 (alleging violations of First, Fourth, and Fourteenth Amendment rights)). The inclusion of the Eighth Amendment in a single paragraph near the end of the Complaint may be a clerical error, as the claim is not otherwise explained.

Under the Eighth Amendment, prison officials have an obligation "to take reasonable measures to guarantee the safety of the inmates" in their custody. U.S. CONST. amend. VIII; *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). The Eighth Amendment also protects prisoners from the use of excessive force and unwarranted physical assaults by prison staff. *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). It "forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward the inmate's serious medical needs." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). It further protects prisoners from conditions of confinement causing "extreme deprivations" that deny "the minimal civilized measure of life's necessities." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Wilson v. Seiter,* 501 U.S. 294, 298 (1991) and *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

None of Plaintiffs' allegations in the Complaint suggest these types of issues. Accordingly, any Eighth Amendment claim Plaintiffs may have sought to raise should be dismissed.

### C. Claims for Monetary Damages against Defendants in their Official Capacities

Plaintiffs seek declaratory and injunctive relief, as well as monetary damages. (Doc. 12, PageID 233-234). Any claims for monetary damages against state employees or officials *in their official capacities* are barred by the Eleventh Amendment to the United States Constitution. *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018).

"While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)) (cleaned up). Thus, "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 68 (1989)). Plaintiffs' claims here against Defendants in their official capacities are the same as claims against the State of Ohio. (Doc. 1-2, PageID 42-44).

Claims for damages against the State of Ohio are barred by the Eleventh Amendment to the United States Constitution, which "denies to the federal courts authority to entertain a suit brought by private parties against a state without its consent." *Maben,* 887 F.3d at 270 (quoting *Ford Motor Co. v. Dep't of Treasury of Indiana*, 323 U.S. 459, 464 (1945)). "The [United States Supreme] Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." *Maben*, 887 F.3d. at 270, (quoting *Graham*, 473 U.S. at 169). Here, "because Ohio has not consented to suits in

federal court nor has Congress abrogated Ohio's immunity under § 1983," the State of Ohio has immunity for claims against it. *Smith v. DeWine*, 476 F. Supp. 3d 635, 652 (S.D. Ohio 2020) (citing *Ohio v. Madeline Marie Nursing Homes # 1 & # 2*, 694 F.2d 449, 460 (6th Cir. 1984) and *Giles v. Univ. of Toledo*, 478 F. Supp. 2d 924, 960-61 (N.D. Ohio 2007)). This immunity "extends to state officials sued in their official capacity" for monetary damages, such as is pursued here. *Smith v. DeWine*, 476 F. Supp. 3d at 650-51.

Accordingly, Plaintiffs' claims for monetary damages against Defendants *in their official capacities* are barred by the Eleventh Amendment and should be dismissed.

### IV. Conclusion

Having screened the Complaint as required by 28 U.S.C. §§ 1915A(a) and 1915(e)(2), the Undersigned **ORDERS** that Plaintiffs' claims concerning their "legal mail" and the ODRC's legal mail policies may **PROCEED** to further development at this time.

The Undersigned **RECOMMENDS** that the Court **DISMISS** the following:

A. Any § 1983 claim based on violations of state law or ODRC policy;

B. Any claim arising under the Eighth Amendment; and

C. All claims for monetary damages against Defendants in their official capacities.

The Undersigned further **RECOMMENDS** that the Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that, for the reasons discussed above, an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny Plaintiffs leave to appeal *in forma pauperis. See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Plaintiffs have not yet provided the required service documents for Defendants. Plaintiffs are **ORDERED** to provide one completed summons form, one U.S. Marshal form, and one service copy of the Complaint for each of twelve identified Defendants so that service of process

can be accomplished.  The documents must be submitted **within thirty days** of this order.  The Clerk of Court is **DIRECTED** to send twelve blank copies of the summons form and U.S. Marshal form to both Plaintiffs for their use.

Finally, Plaintiffs must keep this Court informed of their current addresses, and promptly file a Notice of New Address if they are released or transferred.

### V.     Notice Regarding Objections to this Report and Recommendation

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof.  Fed. R. Civ. P. 72(b).  All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections.  The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made.  Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

June 8, 2023                                          *s/Stephanie K. Bowman*
                                                      STEPHANIE K. BOWMAN
                                                      UNITED STATES MAGISTRATE JUDGE