# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOESEPH SHINE-JOHNSON, *et al.*,

    Plaintiffs,

v.

AHHETTE CHAMBERS-SMITH, *et al.*,

    Defendants.

Case No. 2:22-cv-3236

Graham, J.
Bowman, M.J.

## ORDER

Co-plaintiffs Joeseph Shine-Johnson and Richard Stanton Whitman first sought to file a prisoner civil rights action more than a year ago, but proceedings have been delayed for multiple administrative reasons. (Doc. 1). This Order directs service of Plaintiffs' complaint on the twelve identified Defendants, and further directs the Cashier of the Belmont Correctional Institution to comply with a previous Order filed on August 4, 2023.

### I. Background

On September 20, 2022, the undersigned initially recommended granting Shine-Johnson's motion to proceed *in forma pauperis* but recommended denying Whitman's separate motion based on the suggestion that he had sufficient funds (savings bonds) to pay his full portion of the filing fee. (Doc. 4). On May 19, 2023, after Whitman filed objections and was given time to supplement his application with additional information that explained his inability to access those bonds, the presiding district judge granted both Plaintiffs' applications to proceed *in forma pauperis*, with payment of a partial fee as required by 28 U.S.C. § 1915(b)(1). (Doc. 10).

Pursuant to the Court's Order, Plaintiffs' complaint was filed on May 22, 2023. (Doc. 12). On June 8, 2023, the undersigned directed Plaintiffs' "legal mail" claims under the First, Fourth, and Fourteenth Amendments to proceed for further development, but recommended dismissal of "any § 1983 claim based on violations of state law or ODRC policy, any claim under the Eighth Amendment, and all claims for monetary damages against Defendants in their official capacities." (Doc. 13, PageID 320). However, because the Plaintiffs had not provided the required service documents, the complaint could not be served at that time. Instead, the Court directed Plaintiffs "to provide one completed summons form, one U.S. Marshal form, and one service copy of the Complaint for each of twelve identified Defendants" so that service could proceed.[1] (Doc. 13, PageID 323-324).

Plaintiffs filed motions seeking clarification of the amounts required for partial payment of the filing fee, and regarding the need to provide service copies of their complaint. (Docs. 14, 17). In addition, Plaintiffs filed a "judicial notice" regarding an alleged institutional practice of overcharging them for outgoing mail, and a motion seeking a time-stamped copy of their complaint. (Docs. 18, 19).

The Court granted in part and denied in part Plaintiffs' motions.[2] (*See* Docs. 16, 20). In the Court's last order of August 4, 2023, the Court specifically granted Plaintiff Whitman's motion to clarify the calculation of his initial partial filing fee. The BECI Cashier had indicated that Whitman's "average monthly deposits" in the six months preceding the filing of the Complaint were $65.83, resulting in calculation of an initial partial filing fee of

---

[1] In addition to the identified Defendants, Plaintiffs have named John Doe and Jane Doe, both of whom are referred to as "mailroom staff."
[2] Following clarification of the Court's order, Plaintiffs submitted the requisite copies of their complaint on August 28, 2023.

$13.17. But the accompanying certified copy of Whitman's prison trust fund account showed only an average monthly deposit of only $20. (*Compare* Doc. 2, PageID 133 with Doc. 2, PageID 130-132). The Court found that the discrepancy required further clarification. If the "average monthly deposits" were only $20, then the initial partial payment would be $4.00 and not $13.17. (Doc. 20, PageID 382-383). Therefore, the Court directed the Cashier to provide information that would verify the calculation of the correct partial payment. **Despite the Court's specific direction to the Cashier to return a new completed form providing the necessary information by September 4, 2023, no information has been received.**

On September 18, 2023, Plaintiffs filed a "Notice" complaining about the over-collection of filing fees. Unlike a motion, a "Notice" does not require court action. In this case, however, the Notice states that Plaintiffs are requesting "an order to the cashier that they have been over collecting from plaintiff Whitman and for the cashier to respect this court['s] collection order and… to only collect 20% of plaintiff Whitman's $20.00 monthly state pay, which would be $4.00." (Doc. 22, PageID 389). On this one occasion, the undersigned will construe Plaintiffs' "Notice" as a motion.

II. **Conclusion and Order**

Under the Prison Litigation Reform Act, prisoners who proceed *in forma pauperis* are required to make an initial partial payment of the filing fee equal to 20% of the greater of their monthly deposits or the average monthly balance in his trust account for the six months immediately preceding the filing of the Complaint.[3] The prisoner-plaintiff must file with his application a form that reflects his deposits and average monthly balance, but

---

[3]Each of the two Plaintiffs in this case is required to pay one half the total filing fee, or $175.00. (Doc. 10, PageID 174).

date a true and correct copy of any document was mailed to Defendant or Defendant's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiffs shall inform the Court promptly of any changes in their address which may occur during the pendency of this lawsuit.

4. Plaintiffs' construed motion to require the Cashier to comply with the prior order of this Court (Doc. 22) is **GRANTED IN PART** to the extent that this Order redirects the Cashier to promptly provide this Court with the information required to verify the accuracy of Plaintiff Whitman's initial partial payment of the filing fee, but is otherwise **DENIED**.

5. The Clerk of Court shall serve a copy of this Order and of the August 4, 2023 Order including the form attached to that Order (Doc. 20), on the BECI Cashier, with courtesy copies to be mailed to the Ohio Attorney General;

6. The BECI Cashier or other institutional custodian responsible for Plaintiff Whitman's inmate trust account shall **SHOW CAUSE on or before November 6, 2023** for his or her previous failure to comply with the Court's August 4, 2023 Order (Doc. 20);

7. On or before **November 6, 2023**, the BECI Cashier also shall complete the form for Calculation of Initial Partial Filing Fee to show Whitman's average monthly balance and average monthly deposits for the time period between February 18, 2022 through August 19, 2022. If the amounts differ from the certified copy of Whitman's prison trust fund account that previously filed of

record (reflecting an average monthly deposit of $20), the BECI Cashier shall explain the discrepancy.

                                               */s/Stephanie K. Bowman*
                                               Stephanie K. Bowman
                                               United States Magistrate Judge