UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOESEPH SHINE-JOHNSON, *et al.*,

    Plaintiffs,

          v.

ANNETTE CHAMBERS-SMITH, *et al.*,

    Defendants.

Case No. 2:22-cv-3236

Graham, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

This pro se civil rights case was initiated by co-plaintiffs Joeseph Shine-Johnson and Richard Stanton Whitman on August 25, 2022, but has been repeatedly delayed for multiple reasons, including a series of administrative and clerical errors made by Plaintiffs, prison authorities, and this Court. Due to those delays, the case remains in its infancy. This Report and Recommendation addresses Plaintiffs' motion for a temporary restraining order (TRO) and/or for preliminary injunctive relief. A separate order addresses three additional non-dispositive motions, as well as ongoing service issues.

**I.    Background**

Upon screening of Plaintiffs' complaint on June 8, 2023, the undersigned directed Plaintiffs' "legal mail" claims under the First, Fourth, and Fourteenth Amendments to proceed for further development, while recommending dismissal of "any § 1983 claim based on violations of state law or ODRC policy, any claim under the Eighth Amendment, and all claims for monetary damages against Defendants in their official capacities." (Doc. 13, PageID 320). As discussed below, the referenced legal mail claims are based on an

Ohio Department of Rehabilitation and Correction ("ODRC") policy governing legal mail that has sparked similar constitutional challenges by other Ohio inmates.

The Report and Recommendation ("R&R") that permitted Plaintiffs' legal mail claims to proceed in *this* case was adopted on December 4, 2023.[1] (Doc. 27). The Court directed service to issue on October 6, 2023, (Doc. 23), but for unknown reasons the requisite service forms were not issued until January 18, 2024. (Doc. 38). To date, no service forms have been returned, leaving the record unclear whether any of the twelve Defendants have been properly served.[2]

On January 17, 2024, Plaintiffs filed a motion seeking a temporary restraining order and a preliminary injunction. (Doc. 26). Because no Defendant has yet entered an appearance, Defendants themselves have filed no response. But the State of Ohio, as an Interested Party, has filed a response expressing general opposition to broad preliminary injunctive relief.[3] (Doc. 40). Despite that general opposition, the State represents:

> Interested Party, State of Ohio, does not contest nor object to the Court or Magistrate Judge issuing a limited order that relates only to "legal mail" sent to Plaintiffs by the Court itself that would be similar to … other orders referenced herein in order to maintain consistency amongst the Court and the issue before it concerning the mail policy. On the other hand, by not contesting or objecting to the Court or Magistrate Judge issuing a limited order similar to the ones cited herein, it shall not constitute a waiver of any defense or affirmative defense available to Interested Party, State of Ohio, or the named defendants in responding to Plaintiffs' claims and contentions as stated in their pleading, including their formal response to Plaintiffs'

---

[1] The Court inadvertently entered final judgment against Plaintiffs on the same date that it adopted the R&R that dismissed only some of Plaintiffs' claims. (See Doc. 28). Recognizing the error, the Court later reopened the case and vacated the judgment.(Doc. 33).

[2] Summons by the U.S. Marshal Service is typically made by certified mail, with signature required. The signed summons forms are subsequently filed of record to indicate both the date of service and when the answer is due. In this case, no executed or unexecuted certified mail forms have been filed of record. The Order entered contemporaneously with this R&R seeks the assistance of counsel for the State of Ohio to clarify the status of service.

[3] Counsel for the State of Ohio has appeared as an "Interested Party" without waiving service. *See, generally*, Ohio R.C. § 109.361. The same counsel typically is assigned to represent the named Defendants once service has been made and they have formally requested and agreed to such representation.

2

> motion for injunctive relief. In short, by not objecting to the issuance of a limited order, Interested Party and the defendants do not concede or admit to Plaintiffs claims whatsoever.

(Doc. 39, PageID 518).  Consistent with the State of Ohio's lack of opposition thereto, the Court has entered a separate non-dispositive and limited Order that directs the State of Ohio (including the Defendants) to treat mail sent from this Court to Plaintiffs as "legal mail" during the pendency of this case, regardless of whether it bears a "control number." However, for the reasons that follow, the undersigned recommends denial of a broader TRO or preliminary injunctive relief at this time.

## II. Analysis of Pending Motion for TRO and Preliminary Injunctive Relief

To determine the propriety of a TRO or preliminary injunctive relief, the Court must consider four factors, including: "(1) whether the movant has a 'strong' likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction." *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (quoting *McPherson v. Michigan High Sch. Athletic Ass'n,* 119 F.3d 453, 459 (6th Cir.1997) (en banc) (additional citation omitted)). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Id.,* 228 F.3d at 736; *Performance Unlimited v. Quester Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995). A preliminary injunction is an extraordinary remedy that should be granted only "upon a clear showing that the plaintiff is entitled to such relief" and proof that the circumstances demand it. *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017) (citations omitted); *Leary*, 228 F.3d at 739.

3

At the heart of this case is a relatively new mail policy enacted by the ODRC that appears to alter (at least in part) a previously established definition of "legal mail" as including mail from a court. For purposes of the present motion, and at the risk of oversimplifying the issue, the revised policy appears to require that before any piece of mail may be classified as "legal mail," the sender must first obtain a unique "control number" from ODRC and legibly mark the outside of the envelope with that control number. Based in part on the potential administrative burden it would impose, this Court routinely transmits mail to inmates housed by the ODRC without a control number, which in turn leads to that mail being classified as regular mail rather than as legal mail. Although Plaintiffs herein do not claim interference with incoming mail sent to them by any attorney, they specifically allege past and ongoing constitutional harm resulting from mail sent to them from both state and federal courts being classified as non-legal mail.

As this Court explained in one of several ongoing cases in which other inmates have presented a similar challenge to the current ODRC "legal mail" policy:

> "A prisoner's right to receive mail is protected by the First Amendment, but prison officials may impose restrictions that are reasonably related to security or other legitimate penological objectives." *Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003) (citing *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992))). When a prisoner's incoming mail is "legal mail," there is a "heightened concern with allowing prison officials unfettered discretion to open and read an inmate's mail because a prison's security needs do not automatically trump a prisoner's First Amendment right to receive mail, especially correspondence that impacts upon or has import for the prisoner's legal rights, the attorney-client privilege, or the right of access to the courts." *Id.* at 874 (citing *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996)).

*Allah v. Chambers-Smith*, No. 2:22-cv-21-EAS-KAJ, 2023 WL 4030632, at *2 (S.D. Ohio, June 15, 2023).[4] In *Sallier*, 343 F.3d at 877, the Sixth Circuit specifically held "that mail from a court constitutes 'legal mail' and cannot be opened outside the presence of a prisoner who has specifically requested otherwise."

As stated, and without objection from the State of Ohio, this Court has entered an order requiring mail from this Court addressed to the two Plaintiffs herein to be classified as "legal mail" during the pendency of this case, regardless of whether it contains a "control number." While limited in scope, that order diminishes the likelihood of irreparable injury to Plaintiffs in this case.

Of course, Plaintiffs seek much broader injunctive relief. In support of a preliminary injunction, they assert claims "not exclusively based on access to the court but also the illegal seizure of the [legal] mail, violation of the privacy, the altering of the [legal] mail, the [legal] mail missing pages, being copied in a manner that make them illegible etc." (Doc. 41 at 7, PageID 536). As part of an amended complaint authorized by an Order filed herewith, Plaintiffs have filed declarations that assert that Defendants have unconstitutionally interfered with their receipt of "legal mail" from both state and federal courts on multiple dates. Based on their position that the current ODRC mail policy as applied is unconstitutional, Plaintiffs seek the immediate entry of a TRO and preliminary injunction.

The undersigned recommends against the broader TRO and preliminary injunctive relief that Plaintiffs seek at this time. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the

---

[4] In *Allah v. Chambers-Smith*, the plaintiff also claimed interference with mail sent from an attorney. The Court took the rare step of appointing counsel in that case. (*Id.*, Doc. 57).

5

circumstances clearly demand it." *See Overstreet v. Lexington-Fayette Urban County Government,* 305 F.3d 566, 573 (6th Cir. 2002). And when an injunction is sought by an inmate against state prison officials, the Sixth Circuit has noted that findings of fact in support of any granted relief are "especially critical" since such an order would necessarily intrude "significantly into the prerogatives of state correctional officials." *See Glover v. Johnson,* 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland,* 740 F.2d 432, 438, n. 3 (6th Cir. 1984) ("[W]here state penal institutions are involved, federal courts have a further reason for deference to the appropriate prison authorities").

Plaintiffs argue that the Defendants should bear the burden of proving the constitutionality of their actions in opening "legal mail" and in copying, delaying delivery, or altering such "legal mail" outside their presence. Plaintiffs particularly advocate for preliminary injunctive relief that would preclude "delay" in the delivery of asserted legal mail.[5] But all of Plaintiffs' arguments rest on the premise that the revised ODRC policy is unconstitutional.[6] But whether the definition of "legal mail" in the revised ODRC policy is constitutional is far from "well-settled." *See Allah*, No. 2:22-cv-21-EAS-KAJ, 2023 WL 4030632, at *2 (citing unpublished case that found the revised policy to be constitutional). The requested broad preliminary injunctive relief would require this Court to first make

---

[5] The State of Ohio questions Plaintiffs' attribution of delay to Defendants' enforcement of the new mail policy, as opposed to delays by the U.S. Postal Service or for other reasons. In their reply, Plaintiffs rely heavily on a "well-established presumption that a letter which is properly sealed, stamped, addressed and deposited in the United States mails is presumed to reach the addressee…in due course of the mails," with the respective time limits prescribed for the delivery of First Class mail by 39 C.F.R. § 121.1. (See Doc. 41 at 4-5, PageID 533-34). But none of the authority cited by Plaintiffs for the "presumption" involves mail delivered in the context of a prison system.

[6] How long the current policy will remain in effect is uncertain. Recent Notational Orders in *Allah v. Chambers-Smith*, No. 2:22-cv-21-EAS-KAJ strongly suggest ongoing developments in the interpretation, application, and/or wording of the current policy. (*See* Doc. 82, directing the parties to submit "their proposal regarding changes in the Ohio Department of Rehabilitation and Correction's mail policy" by April 16, 2024; Docs. 79, 81, citing "recent developments" with the legal mail policy).

factual findings concerning what is, or should be, categorized as "legal mail" under the ODRC policy before drawing legal conclusions concerning the constitutionality of the "legal mail" policy as applied.

In *Allah*, the Court denied a request for preliminary injunctive relief based on a similar claim that the ODRC's policy, defining alleged "legal mail" as regular mail based on its lack of a "control number," was unconstitutional. The undersigned finds Judge Sargus's reasoning to be persuasive, and adopts it here.

> Given that findings of fact are "especially critical" when an inmate seeks injunctive relief against prison officials, *see Glover*, 855 F.2d at 284, Plaintiff's failure to demonstrate that the mail at issue falls within the definition of "legal mail" under Rule 5120-9-17(B)(2) weighs against finding a substantial likelihood of success on the merits.
>
> As is often the case in the First Amendment context, the likelihood of success on the merits is the "determinative factor" when adjudicating a motion for preliminary injunction. *Libertarian Party of Ohio*, 751 F.3d at 412. This case is no exception; Plaintiff must continue to pursue his claims through the normal litigation process.

(*Id.*, No. 2:22-cv-21-EAS-KAJ, Doc. 31 at 13-14, PageID 325-326).

### III. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT** Plaintiffs' motion for a temporary restraining order and for a preliminary injunction (Doc. 37) be **DENIED.**

                                                   */s/Stephanie K. Bowman*
                                                   Stephanie K. Bowman
                                                   United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JOESEPH SHINE-JOHNSON, *et al.*,

    Plaintiffs,

        v.

ANNETTE CHAMBERS-SMITH, *et al.*,

    Defendants.

Case No. 2:22-cv-3236

Graham, J.
Bowman, M.J.

**NOTICE**

Under Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).