# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JOESEPH SHINE-JOHNSON, *et al.*,

    Plaintiffs,

              v.

ANNETTE CHAMBERS-SMITH, *et al.*,

    Defendants.

Case No. 2:22-cv-3236

Graham, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION[1]

This pro se civil rights case was filed by co-plaintiffs Joeseph Shine-Johnson and Richard Stanton Whitman in part to challenge a change to the categorization and opening of "legal mail" addressed to them. Presently before the undersigned are Plaintiffs' two motions for an order finding Defendants in civil contempt. For the reasons that follow, Plaintiffs' motions should be DENIED.

## I.    Background

On April 22, 2024, the Court entered an Order that stated, in relevant part, that "[d]uring the pendency of this case, mail from this Court addressed to the two Plaintiffs shall be classified as 'legal mail,' regardless of whether it contains a 'control number.'" (Doc. 46, Order at ¶3, PageID 618).[2] *See also*, *generally*, *Sallier v. Brooks*, 343 F.3d 868,

---

[1] "Magistrate judges possess limited authority to discipline by way of civil contempt in cases where the parties have not consented to their jurisdiction." *New London Tobacco Market, Inc. v. Ky. Fuel Corp.*, No. 6:12-cv-00091-GFVT-HAI, 2023 WL 2672916, at *3 (E.D.Ky., March 28, 2023). For that reason, the undersigned issues this Report and Recommendation.

[2] Plaintiffs had specifically moved for such relief through a separate motion, as well as through a motion seeking a preliminary injunction. The undersigned recommended against entry of preliminary injunctive relief in favor of entry of the more limited order. Notably, in response to Plaintiffs' motion, the State of Ohio indicated that it did not object "to the Court or Magistrate Judge issuing a limited order that relates only to 'legal mail' sent to Plaintiffs by the Court itself that would be similar to those other orders referenced herein." (Doc. 39, PageID 518).

877 (6th Cir. 2003) ("[W]e hold that mail from a court constitutes 'legal mail' and cannot be opened outside the presence of a prisoner who has specifically requested otherwise."); *accord Vinson v. Brown*, No. 2:23-cv-80-EAS-SKB, 2024 WL 84149 (S.D. Ohio Jan. 8, 2024) (entering similar order).

Service of the Court's April 22, 2024 Order was effective that same day through Notice of the entry of the order provided through the ECF system. *See* Fed. R. Civ. P. 77(d), Local Rule 77.1. But two weeks after the Court entered its Order directing Defendants to treat mail from this Court as "legal mail," Plaintiffs filed a "motion for civil contempt sanctions." According to Plaintiffs, Defendants immediately violated the Court's April 22, 2024 Order, twice, when several days later they re-classified the copies of that same Order and a Report and Recommendation addressed to both Plaintiffs as regular mail. Once reclassified as regular mail, the April 22, 2024 Order was opened and copied outside of each Plaintiff's presence, causing further delays in delivery to Plaintiffs.

On May 28, 2024, Plaintiffs filed a "Notice" of a second violation by mailroom staff of the Court's Order. In a second motion seeking civil contempt sanctions, Plaintiffs state that Defendants and mailroom staff continue to reclassify mail from this Court as "regular mail," thereby permitting Defendants to open, copy and read Plaintiffs' legal mail outside of Plaintiffs' presence in clear violation of the Court's April 22 Order. Specifically, Plaintiffs assert that this Court's May 10, 2024 Order directing Plaintiffs to Show Cause, along with Marshal Service Forms and other notices from the Court, have all been continually and improperly re-classified as regular mail. Plaintiffs further state that their institutional grievances regarding the violations of the Court's April 22 Order were denied, ironically based on the institution's position that they reclassified and opened the legal mail

because it arrived without control numbers – in conformity with the mail policy at issue in this lawsuit and in direct violation of this Court's April 22 Order.

On May 31, 2024, the State of Ohio as an Interested Party, as well as Defendant Haley, filed its response in opposition to Plaintiffs' *first* motion for civil contempt sanctions. (Doc. 61). In that response, counsel initially argued that Defendants did not know about the contents of the Court's April 22, 2024 Order until they violated it by opening copies of the April 22 documents mailed from this Court. But that is not accurate, because defense counsel received Notice of the order through the cm/ecf system on the day it was filed. In fact, in a memorandum responding to Plaintiffs' <u>second</u> motion for sanctions, counsel concedes that he informed ODRC's in-house legal counsel about the Order on April 22, 2024, when counsel received Notice through the Court's cm/ecf system. (Doc. 70, PageID 960).

## II.    Analysis

Despite the clear violations, Defendants ask this Court to excuse the violations as isolated incidents. But Plaintiffs point out that mailroom staff continued to reclassify, open, and copy legal mail on multiple occasions for nearly all of the mail sent by this Court to Plaintiffs in the first few weeks after the April 22, 2024 Order was filed. (Doc. 67). Not to belabor the point, but the record is clear that Defendants repeatedly violated the Court's April 22 Order. Seeking to avoid a finding of civil contempt, defense counsel suggests that the violations that occurred on April 30, May 2, and May 13 "occurred while …ODRC's legal counsel, and Be.C.I. prison officials were engaged in cross-communication about the proper method in addressing the Court's Order. (Doc. 70, PageID No. 960; *see also id*., PageID 961, "While it is unfortunate these purported violations occurred, it was the

result of mistake, cross-communication, and additional delay in determining how to properly address the Court's order while ensuring that contraband did not enter the institution."). But the terms of the April 22 Order were unambiguous and not subject to interpretation. The only mail required to be treated as "legal mail" is mail originating from this Court – a category that Defendants have never suggested contains "contraband" and as to which the Sixth Circuit has previously held must be treated as "legal mail." For precisely that reason, substantially the same Order has been entered in multiple prior cases concerning the same "legal mail" issues; a fact acknowledged by counsel in the State's response to Plaintiffs' initial motion seeking the April 22 Order. Therefore, the Court rejects the suggestion that any further "communication" was required to properly interpret the April 22 Order or to prevent the introduction of contraband.

Defense counsel alternatively argues that the issue has been resolved and is now moot. Counsel explains that in addition to informing ODRC's in-house legal counsel about the Order on April 22, he informed the same counsel about Plaintiffs' first motion for contempt on May 10. Next, on May 14 (the day following the most recent violation alleged in Plaintiffs' second motion, "mailroom staff were <u>reminded</u> about the Court's order and further instructed on how to approach such issues should they have any additional concerns." (Doc. 70, PageID 960, emphasis added). Defense counsel assures this Court that the third "reminder" was effective, and Defendants will now obey the April 22 Order.

On the one hand, a promise that defense counsel has convinced Defendants to comply with the Court's Order moving forward does not excuse their repeated *past* violations. On the other hand, Plaintiffs do not appear to have been prejudiced in any way from the handful of past violations, all of which occurred in the first three weeks following

4

entry of the Order, and which Defendants have now fully acknowledged. Considering the equities of this case and in the exercise of the Court's discretion, the undersigned declines to recommend the imposition of civil contempt at this time. That said, Defendants are forewarned that they will face a higher hurdle to avoid sanctions should they continue to violate the same Order in this case in the future.

### III.      Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT**:

Plaintiffs' motions for civil contempt (Docs. 56 and 63) be **DENIED**, without prejudice to renew should future violations of the Court's April 22, 2024 Order occur.

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JOESEPH SHINE-JOHNSON, *et al.*,

      Plaintiffs,

            v.

ANNETTE CHAMBERS-SMITH, *et al.*,

      Defendants.

Case No. 2:22-cv-3236

Graham, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).