# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOESEPH SHINE-JOHNSON, *et al.*,

    Plaintiffs,

           v.

ANNETTE CHAMBERS-SMITH, *et al.*,

    Defendants.

Case No. 2:22-cv-3236

Graham, J.
Bowman, M.J.

## MEMORANDUM OPINION AND ORDER

This pro se civil rights case was filed by co-plaintiffs Joeseph Shine-Johnson and Richard Stanton Whitman in part to challenge a change to the categorization and opening of "legal mail" addressed to them. Presently before the undersigned is Plaintiffs' motion to strike most of Defendants' affirmative defenses. For the reasons that follow, Plaintiffs' motion is DENIED.

## I. Background

This case was first filed by Plaintiffs on August 25, 2022, but has a rather tortured procedural history that prevented it from proceeding for most of its first two years. (*See* Doc. 46). At its core, this lawsuit challenges the policy of the Ohio Department of Rehabilitation and Corrections Department regarding the classification of "legal mail," including but not limited to mail sent to Plaintiffs from this Court. Changes to the policy resulted in a number of similar lawsuits filed by impacted inmates. Here, Plaintiffs generally allege that the policy is unconstitutional under controlling Sixth Circuit case law. *See generally*, *Sallier v. Brooks*, 343 F.3d 868, 877 (6th Cir. 2003) ("[W]e hold that mail

from a court constitutes 'legal mail' and cannot be opened outside the presence of a prisoner who has specifically requested otherwise.").

On April 22, 2024, Plaintiffs were permitted to file an amended complaint that spans 161 pages. (Doc. 47). Most Defendants filed answers to the amended complaint on May 22, 2024, with the last-served Defendant, David Bobby, filing his answer on August 5, 2024. Defendants' answers include a number of affirmative defenses. (See Docs. 60, 78).  On June 14, 2024, Plaintiffs filed a 27-page motion to strike virtually all of Defendants' asserted affirmative defenses under Rule 12(f), Fed. R. Civ. P. Essentially, Plaintiffs maintain that the law is so overwhelmingly in their favor that all of the defenses are "legally meritless." In addition, Plaintiffs argue that Defendants have included several defenses that are simply "inapplicable." (Doc. 69, PageID 932-933).

**II.    Analysis**

**A.  Threshold Issue Concerning Magistrate Judge Authority**

Prior to turning to the merits, the undersigned briefly explains the basis for ruling on the matter by Order, rather than by Report and Recommendation. There is no published case law on the issue of magistrate judge authority to rule on motions to strike other than *Oppenheimer v. City of Madeira, Ohio*, No. 1:19-cv-770, 336 F.R.D. 559, 561-62 (S.D. Ohio, 2020), in which the undersigned considered the same issue and concluded that ruling by Order was appropriate. For convenience, the undersigned quotes extensively from her prior analysis:

> Motions to strike are often characterized as "non-dispositive" matters and typically are ruled on by Order. *See*, *e.g.*, *Woods v. Crockett-Harris*, 2012 WL 6214314 (S.D. Ohio Dec. 13, 2012); *In re Dwight's Piano Co.*, 2008 WL 5428008 (S.D. Ohio Dec. 24, 2008). …Despite the fact that such motions are often viewed as routine and non-dispositive, some courts have reasoned that not all motions to strike are created equal, differentiating

2

> between motions to strike that relate to non-dispositive matters and those that seek to strike an entire claim or defense. *See*, *e.g.*, *Berry v. Citi Credit Bureau*, 2020 WL 4596774 at *3 (W.D. Tenn. Aug. 11, 2020) (collecting cases). There are no Sixth Circuit cases that expressly address the issue of whether motions to strike should be considered uniformly non-dispositive, or dispositive, or some hybrid of the two. And in most cases, like the present one, the parties do not raise the issue.
>
> Lacking clear guidance from any controlling authority, many magistrate judges reach their own conclusions and file the appropriate Order or Report and Recommendation without discussion, while others include a footnote to acknowledge the issue…. As a practical matter, the difference between the filing of an Order and a Report and Recommendation on a motion to strike may be inconsequential if the issue presented is confined to an issue of law, because a party's objections will be considered under the same standard by the presiding district judge. "[F]or questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and review under Rule 72(b)'s de novo standard." PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 15 (1st Cir. 2010).
>
> In the present case, the undersigned has elected to file a Memorandum Opinion and Order to address …the pending motion to strike based on the undersigned's review of the case law on this issue. In particular, the undersigned finds highly persuasive the analysis of Judge Frost in *Amari v. Spillan*, No. 2:08-cv-829, 2009 WL 5216042 (S.D. Ohio Dec. 29, 2009). In that case, the court deemed Plaintiff's motion to strike as the equivalent of a non-dispositive motion seeking entry of default under Rule 55(a). However, should the presiding district court disagree, the undersigned would respectfully request that this Memorandum Order and Opinion be considered as a recommended disposition of the pending motion.

*Id*., 336 F.R.D. at 561-562.

### B. Plaintiffs' Motion to Strike will be Denied

Defendants' response in opposition to Plaintiffs' motion to strike is persuasive for the reasons stated in their memorandum. Although Rule 12(f) permits this Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," it is well established that the drastic remedy of striking a pleading "should be sparingly used by the courts." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (citation omitted). Even Plaintiffs acknowledge

3

that affirmative defenses "may be pleaded in general terms" and "do not need to satisfy the Rule 12(b)(6) pleading standard." (Doc. 69, PageID 933).

Based on applicable standards, the Court declines to grant Plaintiffs' motion to strike the affirmative defenses. Still, that ruling should not be read as an endorsement of the validity of the defenses asserted. As Defendants admit, "some of the affirmative defenses may appear questionable without the benefit of discovery to flesh them out." (Doc. 76, PageID 987). Ultimately, the Court denies Plaintiffs' Rule 12(f) motion as premature. After discovery, a well-supported motion filed under Rule 56 will require Defendants to prove much more than the low bar they have overcome to avoid striking their Answer.

### III. Conclusion and Order

For the reasons stated, **IT IS ORDERED THAT**:

Plaintiffs' motion to strike Defendants' affirmative defenses (Doc. 69) is **DENIED.**

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

4