**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| | : | |
| **Joeseph Shine-Johnson,** *et al.* | : | |
| | : | **Case No. 2:22-cv-03236** |
| **Plaintiffs,** | : | |
| **v.** | : | **Judge Graham** |
| | : | |
| **Annette Chambers-Smith,** *et al.*, | : | **Magistrate Judge Bowman** |
| | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter is before the Court upon several motions filed by co-Plaintiffs Joeseph Shine-Johnson and Richard Stanton Whitman ("Plaintiffs"). Plaintiffs filed a *Motion Seeking Temporary Restraining Order & Preliminary Injunction* on January 17, 2024. ECF No. 37. Plaintiffs' motion sought to enjoin all Defendants in this case from opening Plaintiffs' legal mail outside of their presence, an allegedly frequent occurrence in the wake of a recent administrative rule change enacted by the Ohio Department of Rehabilitation and Correction to change the definition of "legal mail." *Id.*; *See* Ohio Admin. Code R. 5120-9-17. The Magistrate Judge's (first) Report and Recommendation ("1st R&R"), filed April 22, 2024, recommended that Plaintiffs' motion be denied. ECF No. 48. However, on the same day, the Magistrate Judge issued an order ("April 22 Order") "requiring mail from this Court addressed to the two Plaintiffs herein to be classified as 'legal mail' during the pendency of this case" (*id.* at 5; ECF No. 46), and thus not be opened outside Plaintiffs' presence.

Plaintiffs filed timely objections to the 1st R&R on May 6, 2024. Additionally, Plaintiffs filed a motion for civil contempt sanctions on May 8, 2024, alleging that the Defendants had violated the April 22 Order by opening, outside of their presence, mail from this Court addressed

[1]

to Plaintiffs. ECF No. 56. Plaintiffs filed a second motion for civil contempt sanctions on May 28, 2024, alleging additional violations of the April 22 Order.

Defendants initially argued that they could not follow the April 22 Order until they opened Plaintiffs' mail which contained the April 22 Order, a contention which the Magistrate Judge generously described as "not accurate." ECF No. 80, 3. Defendants subsequently conceded that they failed to promptly implement the mailroom procedures mandated by the April 22 Order, leading to the violations alleged by the Plaintiffs. ECF No. 70. The Magistrate Judge issued a (second) Report and Recommendation ("2nd R&R") on September 26, 2024, acknowledging that Defendants had plainly violated the April 22 Order, but finding that Defendants had also taken corrective steps to prevent further violations, and that Plaintiffs could not show prejudice resulting from the violations. ECF No. 80. Therefore, the Magistrate Judge recommended that the motions for civil contempt sanctions be denied without prejudice, "to renew should future violations of the [April 22 Order] occur." *Id.* at 5. Plaintiffs filed objections to the 2nd R&R on October 15, 2024.

## STANDARD OF REVIEW

If a party raises timely objections to the report and recommendation of a magistrate judge, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## DISCUSSION

### *1st R&R*

Plaintiffs filed timely objections to the 1st R&R, which recommended denial of Plaintiffs' motion for temporary restraining order ("TRO") and preliminary injunction. ECF No. 53; ECF No.

46. While the Magistrate Judge recommended that the Court deny Plaintiffs' request for injunctive relief, the Magistrate Judge contemporaneously issued the April 22 Order, which nevertheless directed Defendants to treat all mail addressed to Plaintiffs from this Court as legal mail, thus requiring that any such mail be opened in the presence of the Plaintiffs pursuant to *Sallier v. Brooks*, 343 F.3d 868, 877 (6th Cir. 2003). *See id.* ("[W]e hold that mail from a court constitutes 'legal mail' and cannot be opened outside the presence of a prisoner who has specifically requested otherwise."). The April 22 Order was "limited in scope" relative to the injunctive relief requested by Plaintiffs, but still aimed to "diminish[] the likelihood of irreparable injury to Plaintiffs." ECF No. 48, 5. *See id.* at 4 ("Plaintiffs herein do not claim interference with incoming mail sent to them by any attorney, they specifically allege… harm resulting from mail sent to them from both state and federal courts being classified as non-legal mail."). In light of the April 22 Order, the Magistrate Judge recommended denial of Plaintiffs' motion based on the analysis of the four (4) factors to be considered for the propriety of a TRO. *Id.* at 3-7.[1]

The Magistrate Judge also took note of cases pending in other courts which have raised similar claims stemming from the same ODRC mail policy. Specifically, the Magistrate Judge cited *Allah v. Chambers-Smith*, currently pending before Judge Sargus under case number 2:22-cv-00021, noting that "Recent Notational Orders in [*Allah*] strongly suggest ongoing developments in the interpretation, application, and/or wording of the current [ODRC mail] policy." ECF No. 48, n.6. This note proved prescient, on June 25, 2024, when Judge Sargus entered

---

[1] The four (4) factors to be considered are "(1) whether the movant has a 'strong' likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of a preliminary injunction." *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (quoting *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 f.3d 453, 459 (6th Cir. 1997) (en banc) (additional citation omitted)).

a *Stipulated Order Regarding Legal Mail From Federal Courts* ("Stipulated Order"). *See Allah v. Chambers-Smith*, 2:22-cv-00021-EAS-KAJ, Doc. 91.

The Stipulated Order provided, in pertinent part:

> 18.    While Ohio Admin. Code § 5120-9-17 has not been amended, ODRC has changed its practice in how it handles and processes mail sent and delivered to incarcerated persons from United States federal courts and their Clerks of Court.
>
> 19.    This legal mail practice is described and was implemented through a memorandum directed to all mailroom supervisors at all ODRC institutions. ODRC considers the memorandum highly confidential under R.C. 5120.21(D)(1), due to ODRC's concerns of sensitivity and security of the institutions and the need in preventing contraband from entering institutions.
>
> 20.    Under the legal mail practice, ODRC, its institutions, and its mailrooms, mailroom supervisors, mailroom staff, and institution staff and employees, treat all mail sent from the United States District Courts, including the Northern District of Ohio and the Southern District of Ohio, and the United States Sixth Circuit Court of Appeals, and the United States Supreme Court ("federal courts") as "legal mail" whether or not it was assigned a control number. All mail sent by federal courts and addressed to incarcerated persons at the address of record, shall be delivered to the incarcerated person at the institution where he or she is housed and processed and treated at the institution by ODRC staff and employees as legal mail under processes promulgated and required under ODRC Policy No. 75-MAL-03.

*Id.* at 5. This stipulation indicates that ODRC has implemented a change which goes further than this Court's April 22 Order in terms of preventing irreparable harm to Plaintiffs. While this policy change is still short of the broad relief requested by Plaintiffs, the Court concludes that the

injunctive relief sought by the Plaintiffs remains inappropriate under the circumstances. ODRC's legitimate interest in security does not "automatically trump a prisoner's First Amendment right to receive mail," (*Sallier v. Brooks*, 343 F.3d 868, 874), but it is a strong enough interest to withstand the finer points of Plaintiffs' requested injunctive relief—e.g., Plaintiffs' request for an order to prevent delivery of mail from being delayed. *See* ECF No. 48, 5-6. Against the backdrop of the April 22 Order in this case and the Stipulated Order in *Allah*, Plaintiff does not face such a prospect of irreparable harm that would warrant the extraordinary remedy of a TRO. As such, the Court **OVERRULES** Plaintiffs' objections to the 1st R&R, **ADOPTS** the analysis and recommendations therein, and therefore **DENIES** Plaintiffs' motion for injunctive relief (ECF No. 37).

### *2nd R&R*

The Magistrate Judge issued a 2nd R&R on September 29, 2024, recommending denial of Plaintiffs' two (2) motions for civil contempt sanctions. ECF No. 80. Plaintiffs' filed objections to the 2nd R&R on October 15, 2024. ECF No. 83. In their motions for civil contempt sanctions, Plaintiffs alleged numerous violations of the April 22 Order that required mail addressed to Plaintiffs from this Court to be classified as legal mail, and not opened outside of their presence. ECF No. 56; ECF No. 63. The Magistrate Judge found that "the record is clear that Defendants repeatedly violated the Court's April 22 Order." ECF No. 80, 3. And in response to Defendants' alleging "mistake, cross-communication, and additional delay in determining how to properly address the [April 22 Order]," (ECF No. 70, 3), the Magistrate Judge observed that "the terms of the April 22 Order were unambiguous and not subject to interpretation." ECF No. 80, 4.

Nevertheless, the Magistrate Judge concluded that "Plaintiffs do not appear to have been prejudiced in any way from the handful of past violations," and that the violations appeared to

have ceased after the first three weeks following the April 22 Order. *Id.* Therefore, the Magistrate Judge "decline[d] to recommend the imposition of civil contempt," but recommended that denial of the motions be without prejudice in the event that Defendants commit future violations of the April 22 Order. *Id.* at 5.

Plaintiffs' objections take issue with the Magistrate Judge's recommendation against sanctions in light of the findings that Defendants "repeatedly" violated the "unambiguous" terms of the April 22 Order. ECF No. 80. Plaintiffs cite to case law for the proposition that "general damages will be presumed from a First Amendment violation." ECF No. 83, 3 (citing *Parrish v. Johnson*, 800 F.2d 600 (6th Cir. 1986)). But this proposition does not relieve Plaintiffs of their burden to prove the damages to which they are entitled. *See Parrish,* 800 F.2d at 607 ("Parrish may not recover any damages for the inherent value of his First Amendment rights violated… Instead, on remand, the district court judge should determine whether [the violations] caused Parrish any pain, suffering, emotional distress, or impairment of employment prospects.").

The Magistrate Judge recommended denial without prejudice as to the Plaintiffs' motions for civil contempt sanctions. This disposition recognizes that the Plaintiffs have not shown an injury which requires the Court's invocation of its power to impose sanctions upon a finding of contempt, but neither does it foreclose Plaintiffs' ability to show, at some point in the future, that such sanctions are warranted. This is especially appropriate given the nature of Plaintiffs' underlying claims in this action which allege essentially the same conduct: Defendants' unlawful opening of Plaintiffs' legal mail. In sum, the Court agrees with Magistrate Judge's 2nd R&R and **ADOPTS** the same in full.

[6]

## <u>CONCLUSION</u>

For the foregoing reasons, upon *de novo* review of the 1st R&R (ECF No. 48), the Court finds that Plaintiffs' objections (ECF No. 53) are without merit and are therefore **OVERRULED**. The Court therefore **ADOPTS** the 1st R&R. Plaintiffs' motion for injunctive relief (ECF No. 37) is hereby **DENIED**.

The Court further finds that, upon *de novo* review of the 2nd R&R (ECF No. 80), Plaintiffs' objections (ECF No. 83) are without merit and are therefore **OVERRULED**. The Court therefore **ADOPTS** the 2nd R&R. Plaintiffs' motions for civil contempt charges (ECF No. 56 and ECF No. 63) are hereby **DENIED without prejudice**, subject to renewal in the event of future violations of the April 22 Order.


      **IT IS SO ORDERED**.


                         s/ James L. Graham
                         JAMES L. GRAHAM
                         United States District Judge

DATE: November 15, 2024