IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Joeseph Shine-Johnson, *et al.* | : |
| | : Case No. 2:22-cv-03236 |
| Plaintiffs, | : |
| v. | : Judge Graham |
| | : |
| Annette Chambers-Smith, *et al.*, | : Magistrate Judge Bowman |
| | : |
| Defendants. | : |

**OPINION & ORDER**

This matter is before the Court upon a motion for reconsideration filed by co-Plaintiffs Joeseph Shine-Johnson and Richard Stanton Whitman ("Plaintiffs"). Specifically, Plaintiffs' motion asks the Court, pursuant to Fed. Civ. R. 59, to reconsider its Order filed on November 15, 2024, ("Nov. 15 Order") which adopted two (2) recommendations of the Magistrate Judge. *See* Nov. 15 Order, doc. 85; R. & R., doc. 48 ("1st R&R"); R. & R., doc. 80 ("2nd R&R"). All told, the result of the Nov. 15 Order was the denial of Plaintiffs' motion for injunctive relief (doc. 37) and the denial of Plaintiffs' two (2) motions for sanctions (doc. 56 and doc. 63). Plaintiffs now challenge those denials.

Rule 59(e) of the Federal Rules of Civil Procedure allows for motions to alter or amend judgments to be brought within 28 days of the challenged judgment. As such, the Plaintiffs' motion is timely brought. The Sixth Circuit has held that a motion brought under Rule 59(e) must "clearly establish a manifest error of law" or must be supported with newly discovered evidence. *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007).

All three (3) of the motions denied in the Nov. 15 Order concerned Plaintiffs' claims that prison staff of the Ohio Department of Rehabilitation and Correction ("ODRC") were opening the

[1]

Plaintiffs' legal mail (specifically, mail from this and other courts of law) outside of their presence, as prohibited by *Sallier v. Brooks*, 343 F.3d 868, 877 (6th Cir. 2003). Following Plaintiffs' initial motion for injunctive relief, the Magistrate Judge issued an order ("April 22 Order") "requiring mail from this Court addressed to the two Plaintiffs herein to be classified as 'legal mail' during the pendency of this case" (doc. 48 at 5; doc. 46), and thus not be opened outside Plaintiffs' presence. Defendants failed to promptly implement the commands of the April 22 Order, thus leading to Plaintiffs' two (2) motions for contempt sanctions, based on the Defendants' violations of the April 22 Order.

Ultimately, pursuant to the recommendations of the Magistrate Judge, the Court denied the motion for injunctive relief, finding such relief unnecessary in light of the April 22 Order. Nov. 15 Order, doc. 85. The Court also took note of a stipulated order in a similar prison mail case, *Allah v. Chambers-Smith*, 2:22-cv-00021-EAS-KAJ, in which ODRC represented that "All mail sent by federal courts and addressed to incarcerated persons… [shall be] processed and treated at the institution by ODRC staff and employees as legal mail." *Allah v. Chambers-Smith*, 2:22-cv-00021-EAS-KAJ, Doc. 91. Further, the Court denied Plaintiffs' motions for contempt, finding that the Plaintiffs had not shown an injury warranting sanctions. However, given the Defendants' clear and undisputed violations of the April 22 Order, the Court's denial was without prejudice, subject to renewal in the event of future violations.

Plaintiffs have supported their motion for reconsideration with scans of envelopes which appear to show that the prison staff has continued to open mail from federal courts outside of the presence of the incarcerated individual to whom such mail is addressed. In other words, Plaintiffs have submitted evidence that ODRC staff has not acted in accordance with the stipulated order in *Allah v. Chambers-Smith*. If true, these allegations are concerning to the Court, given the

Defendants' past failure to comply with the April 22 Order, and the clearly contrary representations made by ODRC officials regarding their legal mail policy in *Allah v. Chambers-Smith*.

However, the Court will deny Plaintiffs' Rule 59(e) motion, which is not the proper vehicle to raise these new allegations. First, the new evidence submitted by Plaintiffs does not render contempt sanctions more appropriate, because the evidence tends to show that prison staff are opening mail from *other* federal courts outside of the presence of the inmate addressee(s). The April 22 Order in this case required that only *"*mail from this Court addressed to the two Plaintiffs herein… be classified as 'legal mail' during the pendency of this case." Doc. 46. Furthermore, despite plainly inconsistent conduct, the Court cannot hold the Defendants in contempt based on apparent violations of a stipulated order in *Allah v. Chambers-Smith*, an entirely separate case. Finally, as to injunctive relief, the Court declines to reconsider its judgment in that regard based on the evidence submitted, which does not change the Court's conclusion that "ODRC's legitimate interest in security… is a strong enough interest to withstand the finer points of Plaintiffs' requested injunctive relief," and that "[Plaintiffs do] not face such a prospect of irreparable harm that would warrant the extraordinary remedy of a TRO." Nov. 15 Order.

Plaintiffs' motion for reconsideration is therefore **DENIED** without prejudice.

s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: January 16, 2025